417 So.2d 802 (1982)
O.B. LINKOUS and O.B. Linkous Realty, Inc., Appellants,
v.
DEPARTMENT OF PROFESSIONAL REGULATION and Board of Real Estate, Appellees.
No. 81-1343.
District Court of Appeal of Florida, Fifth District.
August 4, 1982.
*803 Glenn R. Padgett of Kinsey, Vincent, Pyle, Williams & Tumbleson, Daytona Beach, for appellants.
Frederick H. Wilsen and Salvatore A. Carpino, Tallahassee, for appellee Department of Professional Regulation.
No appearance for Board of Real Estate.
COWART, Judge.
This is an appeal of an administrative order suspending appellant's real estate broker licenses for two years and imposing a $1,000 fine.
We have carefully reviewed the record and find that appellants were subject to disciplinary action for the conduct alleged in the administrative complaint and that the findings of the hearing officer are supported by competent substantial evidence and are hereby approved. However, two points remain.
While section 455.227(2), Florida Statutes (1981), authorizes a fine "in addition to or in lieu of any other discipline," that section is derived from chapter 79-35, section 5, Laws of Florida, effective July 1, 1979, a date after the conduct which is the basis for the disciplinary action in this case and, therefore, cannot be applied ex post facto. Appellants are subject only to the penalties provided in section 475.25(1), Florida Statutes (1981), which provides:
The board may deny an application for licensure or renewal, may suspend a license for a period not exceeding ten years, may revoke a license, may impose an administrative fine not to exceed $1,000.00 for each count or separate offense, or may issue a reprimand, if it finds that the licensee or applicant has:
...
Appellant Linkous argues, and we agree, that the listed penalties are a series of phrases separated by the disjunctive article "or" and are thus in the alternative and, therefore, the Board of Real Estate can impose one or the other of the penalties provided, but not two or more for the same conduct. Therefore, while the findings and conclusions of the appellee regulatory agencies are approved, the disposition in this case is reversed and set aside and the cause remanded for reconsideration of a proper disposition within the limits of the statute as here construed.
Appellant Linkous also complains that appellee regulatory agencies should consider only matters in the record submitted by the hearing officer[1] and that, while the hearing officer can act on matters officially noticed,[2] such matters must be part of the record.[3] The hearing officer did not take official notice of the fact that appellant had previously been the subject of a disciplinary proceeding and did not make it part of the record. There is an indication that the appellee regulatory agencies in considering their disposition in this case did consider a certified copy of an entry from a March 13, 1961 meeting of the Florida Real Estate Commission involving some prior disciplinary action against appellant. Since we are reversing the disposition for the matters discussed above, we do caution that appellant is entitled to be given advance notice of all matters that the appellee regulatory agencies will consider at their disposition hearing so that appellant will have a fair opportunity to prepare to respond if he desires.
*804 AFFIRMED in part; REVERSED in part; and REMANDED.
DAUKSCH and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] § 120.57(1)(b)8., Fla. Stat. (1981).
[2] § 120.57(1)(b)7., Fla. Stat. (1981).
[3] § 120.57(1)(b)5.c., Fla. Stat. (1981).