SHARP, Judge.
The state appeals from an order granting Herman’s motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The trial court granted the motion because it found that section 559.801, Florida Statutes (1983) does not apply to the type of transaction charged in the information. We reverse.
The sole issue in this case is the construction of section 559.801. Herman was *436 charged with the unlawful sale of a business opportunity without first having filed a copy of the required disclosure statement with the Division of Consumer Services of the Department of Agriculture and Consumer Services.[1] The undisputed facts were that Herman sold video machines to Jack Durie, and leased them back, promising to pay $50.00 per week per machine. Herman thereafter sold his interest in the business and Durie stopped receiving the lease payments.
Section 559.801 defines a “business opportunity” as:
(1) ... the sale or lease of any products, equipment, supplies, or services which are sold to a purchaser to enable the purchaser to start a business, and in which the seller represents:
(a) That the seller will provide locations or assist the purchaser in finding locations for the use or operation of vending machines, racks, display cases, or other similar devices or currency-operated amusement machines or devices on premises neither owned nor leased by the purchaser or seller;
(b) That the seller will purchase any or all products made, produced, fabricated, grown, bred, or modified by the purchaser using in whole or in part the supplies, services, or chattels sold to the purchaser;
(c) That the seller guarantees that the purchaser will derive income from the business opportunity which exceeds the price paid for the business opportunity or that the seller will refund all or part of the price paid for the business opportunity or repurchase any of the products, equipment, supplies, or chattels supplied by the seller if the purchaser is unsatisfied with the business opportunity; or
(d) That, upon payment by the purchaser of a fee or sum of money which exceeds $50 to the seller, the seller will provide a sales program or marketing program which will enable the purchaser to derive income from the business opportunity, except that this paragraph shall not apply to the sale of a marketing program made in conjunction with the licensing of a registered trademark or service mark. (Emphasis supplied).
The state contends the definition is satisfied by proof of either subsection (a) or (b) or (c) or (d). In sum, the state reads into the statute an “or” following the semicolons in (a) and (b). Herman argues that an “and” should be read after the semicolons in (a) and (b), making proof of facts under (a) and (b), and then either (e) or (d) necessary to charge an offense. The state conceded it had no proof of (b) in this case, but claimed it could prove (a), (c), and (d).
Normally an “or” would be implied following the semicolons in such a statute, because an “or” was used preceding the last in the series. See J. Hodges and M. Whitten, Harbrace College Handbook § 12c at 111 (8th ed. 1977). However, in ascertaining the meaning of any word the legislative intent is paramount. Infante v. State, 197 So.2d 542 (Fla. 3rd DCA 1967).
The legislative history of section 559.801 indicates that a remedy for fraud in various different kinds of business contexts was . intended to be provided.[2] This would not be achieved if all or even three of the subsections had to be proved in any one case. Further, it appears virtually impossible to prove all three subsections con-junctively since they purport to describe different undertakings or business arrangements, which would not often (if ever) occur in the same venture. That would not be a reasonable interpretation of the statute. Smith v. Piezo Technology & Professional Administrators, 427 So.2d 182 (Fla.1983); City of St. Petersburg v. Siebold, 48 So.2d 291 (Fla.1950).
*437 Therefore, we construe section 559.801 as having its lettered subsections written in the disjunctive or alternative sense. See Kirksey v. State, 433 So.2d 1236,1239 (Fla. 1st DCA 1983), rev. denied, 446 So.2d 100 (Fla.1984); Linkous v. Department of Professional Regulation, 417 So.2d 802 (Fla. 5th DCA 1982).
The order appealed is
REVERSED.
COBB, C.J., and COWART, J., concur.

. §§ 559.803; 559.805(1); 559.815, Fla.Stat. (1983).

. The bill analysis explains the definition of "business opportunity" as providing equipment ... locations or assistance, or guaranteeing a specified return. Senate Staff Analysis and Economic Impact Statement, Fraudulent and Deceptive Practices, May 18, 1979 (Florida State Archives).