498 So.2d 514 (1986)
John C. HUNTER, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 86-4.
District Court of Appeal of Florida, Fifth District.
November 13, 1986.
Rehearing Denied December 16, 1986.
R. David Ayers, Jr., Winter Park, for appellant.
Reinald Werrenrath, III, and Lora A. Dunlap of Fisher, Rushmer, Werrenrath, Keiner, Wack & Dickson, P.A., Orlando, for appellee.
COBB, Judge.
The issue in this appeal, as framed by the county court in certifying the following question to this court as one of great importance, pursuant to Florida Rule of Appellate Procedure 9.160, is as follows:
In personal injury protection (PIP) claims, is the cost of transportation incurred in connection with reasonable and necessary medical treatment a reimbursable medical benefit under section 627.736(1)(a), Florida Statutes?
The question arose before the lower court based on a complaint filed by appellant/plaintiff below, John Hunter, seeking recovery for medical expenses under the personal injury protection provision of a policy with appellee, Allstate. Hunter claimed a total of $446.25 in expenses incurred in traveling to and from his doctor's office for treatment of injuries suffered in an automobile accident. The trial court, in addition to certifying the question, granted summary judgment for Allstate on the basis that neither the policy nor the no-fault law could be construed to allow for reimbursement for transportation expenses.
Section 627.736(1)(a), Florida Statutes (1985), provides:
(1) REQUIRED BENEFITS.  Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, subject to the provisions of subsection (2) and paragraph (4)(d), to a limit of $10,000 for loss *515 sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle as follows:
(a) Medical benefits.  Eighty percent of all reasonable expenses for necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices, and necessary ambulance, hospital, and nursing services. Such benefits shall also include necessary remedial treatment and services recognized and permitted under the laws of the state for an injured person who relies upon spiritual means through prayer alone for healing, in accordance with his religious beliefs. (Emphasis added.)
No Florida appellate court has ruled on the issue of whether the term "reasonable expenses for necessary medical services" includes the cost of transportation to obtain those services.
Both parties urge that section 440.13(5), Florida Statutes (1985),[1] dealing with workers compensation law, applies to the instant case. Appellant claims that the workers compensation law is analogous to no-fault insurance coverage, and thus the same extent of coverage should apply. Appellee, on the other hand, contends that the fact that transportation costs are specifically included in the workers compensation statute shows the legislative intent to exclude it from the no-fault law.
In Mobley v. Jack & Son Plumbing, 170 So.2d 41 (Fla. 1964), the court, in interpreting Chapter 440 prior to the addition of the provision allowing specifically for the recovery of transportation expenses,[2] held that the provision which required that the employer provide "such remedial treatment, care and attendance as the injury shall require" must be interpreted to include reasonable travel expenses incurred by the employee in presenting himself at the place where treatment is provided. The court stated:
There can be no doubt that the Legislature intended that an injured employee be given medical treatment at the expense of the employer-carrier and without expense to himself. This legislative intent would not be fully accomplished if the employee were required to pay his own travel expenses necessarily incurred in obtaining medical treatment.
We doubt that anyone would question payment of an ambulance charge for transporting an injured employee to or from his home when necessary in the course of his treatment. Yet, technically, such a charge is not for "remedial treatment, care and attendance." Again, if a claimant were to be offered treatment by the employer at one of the out of state clinics, failure of the employer to also furnish travel expenses would make the offer of treatment an empty gesture. These two illustrations may be said to be unusual, but, as we view the question, the difference in the cited situations and travel by a claimant from his home to a doctor or hospital is one only in degree, not in kind.
Considering the purposes of the Workmen's Compensation Act and the benefits to be given injured employees by its terms, we conclude that travel expenses necessarily incurred in enjoying the medical benefits provided by the Act are an incident of medical care and treatment. Therefore, the employer-carrier must either furnish such transportation or pay claimant the reasonable actual cost thereof.
170 So.2d at 47.
As observed by the Fourth District in Palma v. State Farm Fire & Casualty Co., 489 So.2d 147 (Fla. 4th DCA 1986):

*516 The policy of the courts of Florida when construing provisions of the Florida No-Fault Act has always been to construe the act liberally in favor of the insured... .
489 So.2d at 149. Pursuant to that policy, and in accordance with the rationale of the Florida Supreme Court in Mobley, we find the legislative intent is to recompense an injured party for his reasonable expenses. The cost of transportation for medical treatment constitutes a "reasonable expense for necessary medical service," thus properly awarded under section 627.736(1)(a). As pointed out in the appellant's brief, ambulance transportation is covered under the statute; it is illogical that a person could be transported by an ambulance to receive services and be recompensed, but not be reimbursed if the person traveled in his own vehicle. Therefore, the question certified by the county court is answered in the affirmative, the judgment entered below reversed, and the cause remanded for entry of judgment for appellant Hunter.
REVERSED and REMANDED.
UPCHURCH, C.J., and LEE, R.E., Associate Judge, concur.
NOTES
[1] Section 440.13(5), Florida Statutes (1985), provides:

(5) An injured employee is entitled, as a part of his remedial treatment, care, and attendance, to reasonable actual cost of transportation to and from the doctor's office, hospital, or other place of treatment by the most economical means of transportation available and suitable in the individual case. When the employee is entitled to such reimbursement for transportation by private automobile, it shall be presumed, in the absence of proof, that the actual cost is the amount allowed by the state to employees for official travel.
[2] The provision was added via Chapter 77-290, § 3, Laws of Florida, effective July 1, 1977.