572 So.2d 977 (1990)
LLOYD CITRUS TRUCKING, INC., Appellant,
v.
STATE of Florida DEPARTMENT OF AGRICULTURE AND CONSUMER SERVICES, Appellee.
No. 90-0539.
District Court of Appeal of Florida, Fourth District.
December 19, 1990.
On Motion for Rehearing and Clarification January 28, 1991.
Richard M. Carnell, Jr. of Neill Griffin Jeffries & Lloyd, Fort Pierce, for appellant.
Clinton H. Coulter, Jr., Tallahassee, for appellee.
Elizabeth J. Rickenbacker of Haley, Sinagra & Perez, P.A., Miami, for amicus curiae Orange Blossom Products, Inc., on behalf of Dept. of Agriculture and Consumer Services.

*978 FASTRACK APPEAL
POLEN, Judge.
Lloyd Citrus Trucking, Inc. (Lloyd Citrus) timely seeks review of the final administrative order issued by the Commissioner of Agriculture adopting the hearing officer's recommended order stating that the language of section 601.65, Florida Statutes (1979), precluded the Florida Department of Agriculture (the Department) from accepting jurisdiction of Lloyd Citrus's administrative petition against Orange Blossom Products, Inc. for breach of contract because a lawsuit had already been filed on the same claim in circuit court. Orange Blossom Products, Inc. filed an amicus curiae brief on behalf of the Department. We affirm.
The sole matter on appeal is the interpretation of section 601.65, Florida Statutes (1979), addressing the liability of citrus fruit dealers, which in pertinent part provides:
If any licensed citrus fruit dealer violates any provision of this chapter, such dealer shall be liable to the person allegedly injured thereby for the full amount of damages sustained in consequence of such violation. Such liability may be enforced either by proceeding in an administrative action to and before the Department of Agriculture and pursuing such action to its ultimate termination if desired or by filing of a judicial suit at law in a court of competent jurisdiction[.]
(Emphasis added).
The Department ruled that the emphasized language provides for a choice of one option or the other, either proceeding administratively or judicially. Lloyd Citrus contends the election of remedies doctrine is applicable as the options are not mutually exclusive; acting on one does not bar acting pursuant to the other.
It is axiomatic that in ascertaining the meaning of statutory language the legislative intent is paramount. State v. Herman, 466 So.2d 435 (Fla. 5th DCA 1985). The rules of statutory interpretation dictate that words used by the legislature are to be given their plain meaning and a statute must be construed to avoid unreasonable consequences. See Wakulla County v. Davis, 395 So.2d 540 (Fla. 1981); Crown Diversified Industries, Inc. v. Watt, 415 So.2d 803 (Fla. 4th DCA 1982). Statutory administrative remedies attempt to provide a party with a more expedient method of resolving a dispute, an alternative to the judicial process. Legislative use of "the word `or' usually implies a discretion when it occurs in a directory provision, and a choice between two alternatives when it occurs in a permissive provision." Pompano Horse Club, Inc. v. State, 93 Fla. 415, 111 So. 801, 805 (Fla. 1927). Thus, these types of statutes provide a party with a choice, alternatives of choosing one option or the other; not both.
Lloyd Citrus asks us to find that it would be entitled to two bites of the apple; the first, a summary judgment in Lloyd Citrus' favor in civil court, albeit uncollectible due to the resolution of Orange Blossom's chapter 7 bankruptcy filing; the second, relief pursuant to a complaint filed with the Department. We decline to do so as we find this construction results in unreasonable consequences. We also find unpersuasive Lloyd Citrus' claim that the doctrine of election of remedies is applicable. See generally Williams v. Robineau, 124 Fla. 422, 168 So. 644 (1936); Klondike, Inc. v. Blair, 211 So.2d 41 (Fla. 4th DCA 1968). The statutory wording is clear. The legislature prescribed alternative remedies only. Once Lloyd Citrus pursued its chosen course, suit in circuit court to resolution, the Department was without jurisdiction to hear the matter and allot Lloyd Citrus a second bite of the apple. We note, that if Lloyd Citrus had dropped the suit in circuit court prior to resolution and then filed with the Department, the Department might have had jurisdiction to entertain the claim. See Townsend Fruit Company, Inc. v. Mayo, 98 So.2d 345, 359 (Fla. 2d DCA 1957), cert. denied 101 So.2d 818 (Fla. 1958).
GARRETT, J., concurs.
GUNTHER, J., concurs in result only.
*979 BY ORDER OF THE COURT:
The appellant's motion for clarification is granted as follows:
Appellant did not obtain a summary judgment against Orange Blossom Products, Inc., nor was Orange Blossom's bankruptcy proceeding a factor. However, the fact that appellant brought a circuit court suit against Orange Blossom, notwithstanding the "voluntary" dismissal some ten years later, precludes appellant from bringing an administrative action before the Department.
Appellant's motion for rehearing is denied.