651 So.2d 1269 (1995)
MOONLIT WATERS APARTMENTS, INC., a Florida not for profit corporation, Appellant,
v.
Joseph J. CAULEY, Trustee, Appellee.
No. 93-3050.
District Court of Appeal of Florida, Fourth District.
March 15, 1995.
*1270 Harvey K. Mattel, Fort Lauderdale, for appellant.
Michael T. Burke of Johnson, Anselmo, Murdoch, Burke & George, Fort Lauderdale, for appellee.
STONE, Judge.
Appellant, the governing association of a cooperative apartment building, appeals a judgment in favor of the defendant-landowner. Appellant contends that section 719.401(1)(f)(1), Florida Statutes, providing for an option to purchase, applies to the underlying 99-year land lease upon which the subject cooperative was constructed. We find it does not and affirm.
The lease, executed in 1964, was between the landowner and the developer. There is no indication that the lease was anything other than an arm's length transaction between unrelated parties. The lease does not include an option for the lessee to purchase the land.
In 1991, Moonlit Waters notified Cauley that it wished to purchase his interest in the lease, pursuant to a recent amendment to section 719.401, Florida Statutes. Section 719.401(6)(a), which has been redesignated as section 719.401(1)(f)1, required that "[a] lease of recreational or other commonly used facilities" entered into before the unit owners receive control of the association include an option to purchase. (Emphasis added) The statute was amended to add the sentence, "This paragraph applies to any contract entered into on, before, or after January 1, 1977, regardless of the duration of the lease." Ch. 88-225, § 3, at 1274, Laws of Fla. Parallel changes were made at the same time to the laws relating to condominiums in chapter 718.
The statute provides for sale at a price determined by agreement or, if there is no agreement, then by arbitration. Moonlit Waters instituted the instant action by petition to compel arbitration. Cauley answered with a two-pronged defense that the statute, as worded, was not applicable to a ground lease underlying the entire project, and that the statute as amended was unconstitutional as impairing the obligation of contracts. Although the trial court found that the statute violated the United States and Florida constitutions, we need not reach that constitutional issue here, as we conclude that the statute is not applicable to an all encompassing underlying land lease, as such an extensive estate is not included within the very specific, and more limited, meaning of a "lease of recreational or other commonly used facilities."
On its face, the statute in question appears clear and unambiguous. In interpreting the statute, we must first look to the plain and ordinary meaning of the language used in the statute. Patently, a lease "of" recreational or other commonly used facilities is not any lease of land "including" such facilities. Cf. Lloyd Citrus Trucking, Inc. v. State Dep't of Agriculture and Consumer Servs., 572 So.2d 977 (Fla. 4th DCA 1990); Hancock Advertising, Inc. v. Department of Transp., 549 So.2d 1086 (Fla. 3d DCA 1989), rev. denied, 558 So.2d 17 (Fla. 1990).
Chapter 88-225, Laws of Florida, not only added the above sentence to former § 719.401(6)(a), it also revised other portions of chapters 718 and 719, Florida Statutes. It created sections 718.4015 and 719.4015, which declare it to be the public policy of the state to prohibit "the inclusion or enforcement of escalation clauses in land leases or other leases or agreements for recreational facilities, land, or other commonly used facilities" serving residential condominiums and cooperatives, declaring such clauses void. §§ 718.4015(1), 719.4015(1), Fla. Stat. (1993) (emphasis added). It therefore appears clear that at the time the legislature amended chapter 719, it was cognizant of the distinguishing term "land leases," and could have included that phrase relative to the option to purchase provisions had it chosen to do so. Omitting underlying ground leases from the specific provision in question, where recreational leases and leases of "other commonly used facilities" are enumerated, would seem to fall under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another. See Devin v. City of Hollywood, 351 So.2d 1022, 1025 (Fla. 4th *1271 DCA 1976). It therefore appears that the failure to add the specific term "land leases" to the wording in section 719.401(6)(a), now section 719.401(1)(f)1, was intentional.[1]
Therefore, we affirm and certify the following question to the supreme court as one of great public importance:
WHETHER SECTION 719.401(1)(f)1 APPLIES TO AN EXISTING LONG TERM GROUND LEASE ENTERED INTO AT ARM'S LENGTH UPON WHICH ALL IMPROVEMENTS OF A COOPERATIVE APARTMENT COMPLEX HAVE BEEN CONSTRUCTED.
POLEN and STEVENSON, JJ., concur.
NOTES
[1] We cannot help but note that it is common in south Florida, to find cooperative apartment complexes built upon land acquired by the developer on a long term ground lease. There is no reason to believe that the legislature is not cognizant of this fact.

Further, in our opinion, a lease to a condominium or cooperative association of land specifically set aside or designated for the construction of recreational or other commonly used facilities intended to serve the members of the association should fall within the ambit of the statute, irrespective of the stage of construction of such facilities.