666 So.2d 898 (1996)
MOONLIT WATERS APARTMENTS, INC., Petitioner,
v.
Joseph J. CAULEY, Respondent.
No. 85489.
Supreme Court of Florida.
January 25, 1996.
*899 Harvey K. Mattel, Fort Lauderdale, for Petitioner.
Michael T. Burke and Christine M. Duignan of Johnson, Anselmo, Murdoch, Burke & George, Fort Lauderdale, for Respondent.
GRIMES, Chief Justice.
We have for review Moonlit Waters Apartments, Inc. v. Cauley, 651 So.2d 1269 (Fla. 4th DCA 1995), wherein the district court of appeal certified the following question to be of great public importance:
WHETHER SECTION 719.401(1)(f)1 APPLIES TO AN EXISTING LONG TERM GROUND LEASE ENTERED INTO AT ARM'S LENGTH UPON WHICH ALL IMPROVEMENTS OF A COOPERATIVE APARTMENT COMPLEX HAVE BEEN CONSTRUCTED.
Id. at 1271.
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Moonlit Waters Apartments, Inc. (Moonlit Waters) is the governing association of a twenty-unit cooperative apartment building with a pool, a dock, and parking areas, all on three subdivision lots on the east side of the intracoastal waterway in Broward County. Moonlit Waters has a 99-year ground lease, which commenced in 1965, providing for annual rental payments adjusted at ten-year intervals based upon changes in the consumer price index. Joseph J. Cauley is lessor of the property, as trustee for the owner. In 1991, Moonlit Waters informed Cauley that it wished to purchase the entire property, pursuant to section 719.401(1)(f)1, Florida Statutes (1991), which requires a lease of recreational or other commonly used facilities, entered into before the unit owners receive control of the association, to include an option to purchase. Cauley refused to enter into negotiations with Moonlit Waters to sell the property.
Moonlit Waters filed a motion to appoint an arbitrator to decide upon a sales price for the property, pursuant to section 719.401(1)(f)1. The circuit court denied the motion, finding that the statute violated the United States and Florida constitutions. The court reasoned that appointing an arbitrator would violate Cauley's due process rights by denying him the opportunity to retain property in which he has a vested right. The Fourth District Court of Appeal declined to reach the constitutional issue, finding that the statute applies only to a lease of recreational or other commonly used facilities, and does not apply to an all-encompassing underlying land lease. Moonlit Waters Apartments, Inc., 651 So.2d at 1270.
Section 719.401(1)(f)1 provides in pertinent part: "A lease of recreational or other commonly used facilities entered into by the [cooperative] association or unit owners prior to the time the control of the association is turned over to unit owners other than the developer shall grant to the lessee an option to purchase the leased property... ."
*900 In construing a statute, we look first to the statute's plain meaning. Lamont v. State, 610 So.2d 435 (Fla. 1992). Section 719.401(1)(f)1 applies to leases "of" recreational or other commonly used facilities, not to land leases "including" recreational or other commonly used facilities. The language of section 719.401(1)(f)1 is unambiguous. Section 719.401(1)(f)1 does not apply to land leases. The subject lease is a land lease encompassing all of the Moonlit Waters development, and is therefore beyond the scope of section 719.401(1)(f)1.
Our conclusion is buttressed by the fact that section 719.4015(1), Florida Statutes (1993), specifically declares void, for public policy reasons, "the inclusion or enforcement of escalation clauses in land leases or other leases or agreements for recreation facilities, land or other commonly used facilities." Section 719.401(1)(f)1 makes no reference to land leases. Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another. Bergh v. Stephens, 175 So.2d 787 (Fla. 1st DCA 1965).
Accordingly, we answer the certified question in the negative and approve the decision of the court below.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.