848 So.2d 373 (2003)
Sandra MALU, Appellant,
v.
SECURITY NATIONAL INSURANCE COMPANY, Appellee.
No. 4D02-391.
District Court of Appeal of Florida, Fourth District.
May 21, 2003.
Rehearing Denied July 14, 2003.
Sharon C. Degnan and Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for appellant.
Beth T. Vogelsang of Barranco, Kircher & Vogelsang, P.A., Miami, for appellee.
KLEIN, J.
Appellant received personal injury protection benefits which included transportation costs for obtaining medical treatment at the rate of 34.5 cents a mile. She claims in this class action that this amount is insufficient to compensate her for the cost of driving her car to obtain medical treatment. We affirm the dismissal for failure to state a cause of action.
The applicable provision of our PIP statute, section 627.736(1)(a), Florida Statutes (2001), includes as medical benefits:
Eighty percent of all reasonable expenses for medically necessary medical, surgical, X-ray, dental, and rehabilitative services, including prosthetic devices, and medically necessary ambulance, hospital, and nursing services.
As is apparent, the statute does not provide for the cost of driving to obtain medical treatment, although it does specifically authorize transport by ambulance.
In Hunter v. Allstate Insurance Co., 498 So.2d 514 (Fla. 5th DCA 1986), the court held that "reasonable expenses" for medical services under the PIP statute included the cost of auto transportation. The court based its reasoning on the fact that the workers' compensation statute, section 440.13(5), Florida Statutes (1985), included the "reasonable actual cost of transportation to and from the doctor's office, hospital or other place of treatment." The court also noted that even before the workers' compensation statute included transportation expenses, our supreme court had interpreted that statute to include reasonable travel expenses. Mobley *374 v. Jack & Son Plumbing, 170 So.2d 41 (Fla.1964).
The trial court, which was bound to follow Hunter as the only authority on point, Pardo v. State, 596 So.2d 665 (Fla.1992), did not consider whether the PIP statute included transportation costs. Rather the court relied on the fact that the workers' compensation statute cited by the Hunter court presumed that the actual cost of transportation by automobile would be that allowed state employees for official travel. The court held that this complaint did not state a cause of action because the State of Florida presently reimburses 29 cents a mile to employees traveling by automobile, and 34.5 cents was therefore sufficient as a matter of law.
Appellant argues that, because this was before the court on a motion to dismiss for failure to state a cause of action, the trial court was not authorized to consider any facts which are extraneous to the complaint. Fish v. Post of Amvets No. 85, 560 So.2d 337 (Fla. 1st DCA 1990); Lewis v. Barnett Bank of S. Fla., 604 So.2d 937 (Fla. 3d DCA 1992). We agree; however, we are still under a duty to affirm if an alternative theory would support affirmance. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). We conclude that auto transportation expenses are not payable.
Our reasoning is based on the fact that the legislature specifically included transportation by ambulance, but did not mention any other type of transportation in the PIP statute. The mention of one type of transportation implies the exclusion of other types. Moonlit Waters Apartments, Inc. v. Cauley, 666 So.2d 898, 900 (Fla.1996)("Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another.").
Our conclusion is supported by the fact that when the legislature has intended to provide for auto transportation expenses to obtain medical treatment, it has specifically made such expenses payable. In addition to so providing in our worker's compensation statute, Hunter, it also did so in our statutes providing benefits for birthrelated neurological injuries, section 766.31(1)(a), Florida Statutes.[1]
We therefore conclude that the PIP statute does not include the transportation expenses claimed in this case. We affirm and certify conflict with Hunter.
GROSS and TAYLOR, JJ., concur.
NOTES
[1] The legislature specifically added transportation costs to our workers' compensation statute, section 440.13(5), in 1977. Ch. 77-290, § 3, Laws of Florida. It later deleted them when it amended Chapter 440 in 1993, Ch. 93-415, § 17, Laws of Fla. In Sam's Club v. Bair, 678 So.2d 902 (Fla. 1st DCA 1996), the court held that even though transportation benefits were deleted they are still payable based on Mobley.