870 So.2d 827 (2003)
Lazaro PADILLA and Eloy and Irma Rivero, Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY and Urban Insurance Company of Pennsylvania, Appellees.
Nos. 3D01-1187, 3D01-2526.
District Court of Appeal of Florida, Third District.
July 23, 2003.
Diane H. Tutt (Plantation) and Sharon C. Degnan (Plantation), for appellants.
Conroy, Simberg, Ganon, Krevans & Abel and Brian P. Night, for appellee, Urban Insurance Company of Pennsylvania; Akerman, Senterfitt & Eidson and Nina K. Brown, and Mark S. Shapiro and Jennifer Cohen Glasser, for appellee, Liberty Mutual.
S. Marc Hershovitz (Tallahassee) for the Florida Department of Insurance as amicus curiae.
Shutts & Bowen LLP and Frank A. Zacherl and Joey E. Schlosberg for Geico Indemnity Company as amicus curiae.
Before SCHWARTZ, C.J.[*], RAMIREZ. J., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Both appellants in these consolidated cases appeal the dismissal of putative class actions which sought to challenge, as being too low, the 32.5 cent per mile travel reimbursement benefit paid to PIP insureds for automobile travel expenses incurred while driving to and from medical providers. The appellants' claims are based upon § 627.736(1)(a), Florida Statutes (2000), which requires PIP medical benefits to include the payment of 80% of "all reasonable expenses for necessary medical ... services." In Hunter v. Allstate Ins. Co., 498 So.2d 514 (Fla. 5th DCA 1986), the *828 Fifth District held that the cost of automobile transportation in connection with such medical services is a benefit under PIP.
Both Padilla and Rivero sued their insurance companies for declaratory relief and breach of contract (individually, and on behalf of the class of similarly situated insureds of each company), alleging that 32.5 cents per mile for use of their personal vehicles to travel to and from medical providers was too low, and not "reasonable."
Urban Insurance and Liberty Mutual filed substantially identical motions to dismiss, asserting that 32.5 cents per mile was reasonable as a matter of law, that the actions were not appropriate class actions, and that under the "primary jurisdiction" doctrine, the actions should be dismissed and the Department of Insurance, as the agency responsible for regulating the details of how PIP benefits are to be paid, should be the body to consider the claim.
Both trial courts dismissed the actions. In Padilla v. Liberty Mutual, the lower court dismissed, without prejudice, and stated that the action was not appropriate as a class action and further declined to exercise jurisdiction based on the doctrine of "primary jurisdiction."
In Rivero v. Urban, the lower court entered a dismissal with prejudice, and expressly found that reimbursement of 32.5 cents per mile for the cost of automobile transportation for medical treatment was "reasonable as a matter of law." This finding was based upon "recognition of the fact" that the Worker's Compensation Statute reimburses transportation costs associated with medical expenses at 29 cents per mile, and "judicial notice" that the State of Florida and the IRS reimburse employees for business travel at 29 cents per mile. The Rivero court further held that it did not have "primary jurisdiction," and that the matter was better determined by an administrative agency, specifically the Department of Insurance.
Both claimants appealed to this Court, and Padilla, still maintaining that proper jurisdiction lies with the trial court but not wanting to fail to "exhaust administrative remedies," filed a petition with the Department of Insurance seeking its declaration as to whether it had primary jurisdiction to determine the mileage reimbursement rate, and if so, to determine such a rate. The DOI dismissed Padilla's petition, because he "hadn't demonstrated a present need for declaratory relief." That ruling was appealed to the First District, which affirmed the dismissal in Padilla v. Liberty Mutual, 832 So.2d 916, 920 (Fla. 1st DCA 2002), stating, in part: "Here the question of primary jurisdiction was (and is still) at issue in the appeal pending in the Third District, and there was no need or justification for DOI to issue a declaratory statement on that point."
The First District opinion also expressed that DOI, in fact, has no authority, statutory or otherwise, to set mileage reimbursement rates, and that it is for courts to decide, case by case, in "simple contractual disputes" such as this, whether insurers have met their obligations to pay PIP benefits. 832 So.2d at 920.
This appeal was stayed pending the disposition of the First District case. We have now considered the positions of the various parties, as well as the recent decision of the Fourth District in Malu v. Security National Ins. Co., 848 So.2d 373 (Fla. 4th DCA 2003) holding that automobile transportation expenses such as those sought here are not included in the PIP statute and certifying conflict with Hunter. In Malu, the court stated:
Our reasoning is based on the fact that the legislature specifically included transportation by ambulance, but did not mention any other type of transportation *829 in the PIP statute. The mention of one type of transportation implies the exclusion of other types. Moonlit Waters Apartments, Inc. v. Cauley, 666 So.2d 898, 900 (Fla.1996)("Under the principle of statutory construction, expressio unius est exclusio alterius, the mention of one thing implies the exclusion of another.").
848 So.2d at 374
We fully agree with Judge Klein's sound analysis in Malu, and, adopting that reasoning as our own, also hold that § 627.736(1)(a), Florida Statutes does not provide for payment of the automobile transportation expenses at issue. Accordingly, all of the other issues raised are moot.
If the Legislature deems it appropriate to provide for such benefits under the PIP statute it can certainly do so specifically, and, if so, can also provide the Department of Insurance with rulemaking authority to determine the appropriate rate for such benefits.
For the reasons stated we affirm the dismissal of these actions and certify conflict with Hunter.
NOTES
[*] Judge Schwartz did not participate in oral argument.