884 So.2d 1077 (2004)
DIRECT GENERAL INSURANCE COMPANY, Appellant,
v.
Erma Harris MORRIS, Appellee.
No. 1D03-2984.
District Court of Appeal of Florida, First District.
October 15, 2004.
*1078 David B. Falstad of Allen, Kopet & Associates, PLLC, Orlando, for Appellant.
Jeremy E. Cohen, Tallahassee, for Appellee.
WEBSTER, J.
Appellant seeks review of two questions certified by the county court in a summary final judgment to have statewide application and be of great public importance: (1) whether the Florida personal injury protection (PIP) statute requires the payment of mileage reimbursement for travel to necessary medical treatment; and (2) whether the same statute requires the payment of mileage reimbursement for attendance at a compulsory medical examination. We accept jurisdiction (see Fla. R.App. P. 9.160(e)(2)); answer the first question in the negative; and, accordingly, reverse as to that issue. We decline to address the second question because we conclude that the trial court's decision as to that issue may be affirmed based upon construction of the applicable language of the parties' insurance contract.

I.
Appellee, who is insured by appellant, argued in the trial court that appellant was required to reimburse her for mileage driven traveling to receive necessary medical treatment by Florida's PIP statute (§ 627.736(1)(a), Fla. Stat. (2001)), which states that insurance policies including PIP coverage must provide for the payment of medical benefits at the rate of "[e]ighty percent of all reasonable expenses for medically necessary medical, surgical, X-ray, and rehabilitative services, including prosthetic devices, and medically necessary ambulance, hospital, and nursing services." The trial court agreed, entering judgment in appellee's favor for amounts claimed as reimbursement for mileage driven traveling to receive necessary medical treatment. Because the sole issue before us is whether, based upon stipulated facts, as a matter of law, the PIP statute requires reimbursement for mileage driven traveling to receive necessary medical treatment, our standard of review is de novo. See, e.g., Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla.2003) ("[a] trial court's ruling on a motion for summary judgment posing a pure question of law is subject to de novo review"); Racetrac Petroleum, Inc. v. Delco Oil, Inc., 721 So.2d 376, 377 (Fla. 5th DCA 1998) ("judicial interpretation of Florida statutes is a purely legal matter and therefore subject to de novo review").
*1079 As the trial court and the parties acknowledge, a disagreement exists among our district courts of appeal regarding entitlement pursuant to the PIP statute to reimbursement for mileage driven traveling to receive necessary medical treatment. The Fifth District has held that an earlier (but substantively indistinguishable) version of the statute requires the payment of mileage reimbursement for travel to necessary medical treatment. Hunter v. Allstate Ins. Co., 498 So.2d 514 (Fla. 5th DCA 1986). The Fourth District has reached the opposite conclusion, certifying conflict with Hunter. Malu v. Sec. Nat'l Ins. Co., 848 So.2d 373 (Fla. 4th DCA 2003), review granted, 870 So.2d 822 (Fla.2004). The Third District subsequently agreed with the analysis and result in Malu, also certifying conflict with Hunter. Padilla v. Liberty Mut. Ins. Co., 870 So.2d 827 (Fla. 3d DCA 2003), review granted, 870 So.2d 822 (Fla.2004).
We have carefully considered the analysis in the trial court's order, the arguments of the parties, and the decisions in Hunter, Malu and Padilla. Having done so, we believe that Malu and Padilla are the better-reasoned opinions. In particular, it seems to us that, had the legislature intended to require mileage reimbursement for travel to necessary medical treatment, it would have said so, given the language used. We will not imply any such intent in the absence of any language remotely supporting such a reading. We agree with the holding in Malu and Padilla for the reasons expressed in those opinions; hold that the PIP statute does not require the payment of mileage reimbursement for travel to necessary medical treatment; reverse the trial court; and certify conflict with Hunter.

II.
Appellee also argued in the trial court that appellant was required to reimburse her for mileage driven traveling to a compulsory medical examination set by appellant. She claimed that such a result was required by both the PIP statute (§ 627.736(7), Fla. Stat. (2001)) and her insurance policy. The PIP statute requires insureds to submit to examination by a physician when requested by an insurer if the insured's "mental or physical condition ... is material to any claim that has been or may be made for past or future [PIP] benefits...." Id. The statute further provides that "[t]he costs of any examinations requested by an insurer shall be borne entirely by the insurer." Id. Similarly, the insurance policy provides that appellee "shall submit to mental or physical examinations at our expense when and as often as we may reasonably require." The trial court agreed with appellee that reimbursement was required by both the PIP statute and the policy, and entered judgment accordingly. Again, our standard of review is de novo. See, e.g., Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla.2003) ("[a] trial court's ruling on a motion for summary judgment posing a pure question of law is subject to de novo review"); Auto-Owners Ins. Co. v. Marvin Dev. Corp., 805 So.2d 888, 891 (Fla. 2d DCA 2001) (as a general matter, because "the interpretation of an insurance contract is a question of law," "[t]he applicable standard of review is de novo"). Because we conclude that the trial court correctly held that the parties' insurance contract requires that appellant reimburse appellee for mileage driven traveling to a compulsory medical examination set by appellant, we find it unnecessary to address the second question certified by the trial court  i.e., whether the PIP statute also requires such a result.
The insurance policy requires appellee (as the insured) to "submit to mental *1080 or physical examinations at our [i.e., appellant's] expense when and as often as we [i.e., appellant] may reasonably require." (Emphasis added.) The phrase "at our expense" is not defined. "Words and phrases in an insurance policy, when not specifically defined therein, `must be given their everyday meaning and read in light of the skill and experience of ordinary people.'" Siegle v. Progressive Consumers Ins. Co., 788 So.2d 355, 359-60 (Fla. 4th DCA 2001) (quoting from Lindheimer v. St. Paul Fire & Marine Ins. Co., 643 So.2d 636, 638 (Fla. 3d DCA 1994)), approved, 819 So.2d 732 (Fla.2002). According to at least one dictionary, the most common meanings of the noun "expense" are "cost or charge." The Random House Dictionary of the English Language 680 (2d ed. unabridged 1987). According to that same dictionary, another common usage of the word is as "money paid as reimbursement for such charges: to receive a salary and expenses." Id. We believe that an ordinary person reading the language in the parties' insurance contract would conclude that appellant was responsible for all expenses incurred by the insured as a result of appellant's demand that he or she submit to a mental or physical examination. We find appellant's argument that the language is intended to limit its obligation to the examining physician's bill strained and unpersuasive, and inconsistent with the most commonly understood meaning of the words used. Clearly, in most cases, traveling to a compulsory medical examination will involve cost, whether in the form of bus or taxi fare or wear and tear on one's personal vehicle. Given the language of the parties' policy, we hold that such a cost constitutes an expense which must be reimbursed by appellant. Accordingly, we affirm the trial court's decision to that effect.

III.
In summary, we reverse the trial court's summary final judgment to the extent it holds that the Florida PIP statute requires the payment of mileage reimbursement for travel to necessary medical treatment; and affirm that portion of the summary final judgment that awarded appellee reimbursement for mileage driven traveling to a compulsory medical examination set by appellant on the basis that such was required by the parties' insurance contract, without reaching the question of whether Florida's PIP statute also requires such a result.
AFFIRMED IN PART; and REVERSED IN PART.
WOLF, C.J. and BARFIELD, J., concur.