934 So.2d 511 (2005)
Lazaro PADILLA, et al., Appellants,
v.
LIBERTY MUTUAL, etc., and Urban Ins., etc., Appellees.
Nos. 3D01-2526, 3D01-1187.
District Court of Appeal of Florida, Third District.
August 17, 2005.
Diane H. Tutt, Fort Lauderdale, and Sharon C. Degnan, Miami, for appellants.
Conroy, Simberg, Ganon, Krevans & Abel, and Brian P. Knight, and Doreen E. Lasch; and Akerman, Senterfitt & Eidson, and Nina K. Brown, and Mark S. Shapiro, and Jennifer Cohen Glasser, Miami, for appellees.
S. Marc Herskovitz, Tallahassee, as amicus curiae for the Department of Insurance.
*512 Shutts & Bowen, and Frank A. Zacherl, and Joey E. Schlosberg, Miami, as amicus curiae for Geico Indemnity Co.
Before RAMIREZ, and ROTHENBERG, JJ, and SCHWARTZ, Senior Judge.
RAMIREZ, J.
In this consolidated appeal, Lazaro Padilla and Eloy Rivero appeal two orders of dismissal without prejudice of their putative class actions suits filed against their respective insurance carriers, appellees Liberty Mutual Insurance Company and Urban Insurance Company of Pennsylvania, in which they sought payment pursuant to their Personal Injury Protection benefits for medical treatment automobile transportation costs.
We withdraw this Court's opinion rendered July 23, 2003 in Padilla v. Liberty Mut. Ins. Co., 870 So.2d 827 (Fla. 3d DCA 2003), substitute this opinion in its stead, and affirm the trial court's dismissal because the issue of whether the travel reimbursement rate for the insureds' medical treatment automobile transportation costs was reasonable is a determination which the trial court was not authorized to make.

FACTUAL AND PROCEDURAL BACKGROUND
Liberty Mutual and Urban Insurance paid the insureds' automobile transportation costs at a mileage rate of 32.5 cents per mile as travel benefits. The insureds alleged in their complaints, however, that they were entitled to be paid more than 32.5 cents per mile for their medical treatment transportation costs. The trial court determined that the 32.5 cents per mile reimbursement rate was reasonable as a matter of law.
The insureds then appealed to this Court. Padilla also petitioned the Department of Insurance (DOI) for declaratory relief, but the DOI dismissed the petition. Padilla subsequently appealed the dismissal order to the First District Court of Appeal which affirmed the dismissal in Padilla v. Liberty Mut. Ins. Co., 832 So.2d 916, 920 (Fla. 1st DCA 2002), stating, in part, that the DOI has no authority to set the mileage reimbursement rates, and that it is for the courts to decide on a case by case basis.
Following the disposition of the First District case, this Court issued its opinion in Padilla v. Liberty Mut. Ins. Co., 870 So.2d 827, 829 (Fla. 3d DCA 2003), stating that this Court fully agreed with the Fourth District Court in Malu v. Security Nat'l Ins. Co., 848 So.2d 373 (Fla. 4th DCA 2003) (holding that automobile transportation expenses, such as those sought here, are not included in the Florida PIP statute). This Court thus held, in part, that (a) section 627.736(1)(a), Florida Statutes, does not provide for the payment of the automobile transportation expenses, and (b) if the legislature deems it appropriate to provide for such benefits under the PIP statute, it could do so specifically, and if so, it can also provide the DOI with rulemaking authority to determine the appropriate rate for such benefits. Padilla, 870 So.2d at 829. Accordingly, this Court affirmed the dismissal orders, and certified conflict with Hunter v. Allstate Ins. Co., 498 So.2d 514 (Fla. 5th DCA 1986)(holding that automotive transportation expenses are covered under section 627.736(1)(a)). Id.
The Florida Supreme Court subsequently held that the current PIP statute requires reimbursement for transportation costs incurred in connection with medical treatment that is reasonably medically necessary. See Malu v. Security Nat'l Ins. Co., 898 So.2d 69, 76 (Fla.2005). The Court quashed the Fourth District's decision in Malu, quashed this Court's decision *513 in Padilla, approved the holding and rationale of the Fifth District in Hunter, and remanded both Malu and Padilla to the respective district courts for further proceedings in accordance with its decision. Id.
Against this background, we now turn to the issues raised in these cases. The insureds request that we determine whether the travel mileage reimbursement rate of 32.5 cents per mile is representative of a fair, just, and reasonable rate. In our view, this determination constitutes a legislative, rather than a judicial function, which we cannot perform.

LEGAL DISCUSSION
We are first mindful of the doctrine of primary agency jurisdiction which formed an independent basis for dismissal below. Primary jurisdiction, however, is no longer an issue in this case. The DOI has already indicated in its order of dismissal that it will abide by this Court's decision on the issue of primary jurisdiction.
Secondly, the distinction between the function of the legislature and the judiciary is well defined. The legislature prescribes rates and the judiciary determines whether an existing rate is fair, just, and reasonable. As the Florida Supreme Court stated, within the realm of public utilities for example, the power of the courts "is confined to the determination of whether a given rate is a reasonable rate, and the rate made by the legislature or a commission set up by the legislature may be set aside by the courts if such rate is found to be an unreasonable rate." See Miami Bridge Co. v. Miami Beach Ry. Co., 152 Fla. 458, 12 So.2d 438, 445-46 (1943).
Furthermore, Florida law recognizes that certain transportation expenses incurred are reimbursable as a medical benefit. In accordance with the Florida Motor Vehicle No-Fault comprehensive statutory scheme and under section 627.736(1)(a), Florida Statutes (2003), each insurance policy must provide for personal injury protection benefits, including "medical benefits" which are at issue in this case. Transportation expenses incurred are reimbursable as a medical benefit provided that such expenses arose in connection with reasonable and necessary medical care and treatment. See Hunter v. Allstate Ins. Co., 498 So.2d 514 (Fla. 5th DCA 1986) (interpreting reasonable and necessary expenses to include the transportation costs for medical treatment when using a private automobile). See also Swantek v. Auto. Club of Mich. Ins. Group, 118 Mich.App. 807, 325 N.W.2d 588, 590 (1982)(holding that transportation expenses incurred by an insured for the purpose of obtaining medical treatment were recoverable); Allstate Ins. Co. v. Smith, 879 P.2d 458, 459 (Colo.App.1994)(holding that reimbursement for reasonable and necessary transportation expenses incurred in obtaining authorized medical services must be allowed). The purpose of the Florida PIP statute, sections 627.730-627.7405, is:
[T]o provide for medical, surgical, funeral, and disability insurance benefits without regard to fault, and to require motor vehicle insurance securing such benefits, for motor vehicles required to be registered in this state, and with respect to motor vehicle accidents, a limitation on the right to claim damages for pain, suffering, mental anguish, and inconvenience.
§ 627.731, Fla. Stat. (2003).
In Florida, however, there is no uniform rate of reimbursement applicable to the use of a personal transportation vehicle to seek medical care and treatment. In essence, the insureds request that this Court *514 establish such a rate and ultimately determine whether the reimbursement rate here is indeed reasonable. If we were to make such determinations, however, it would amount to "judicial legislation," and we decline to do so.
As the Florida Supreme Court stated in Malu, consistent with the legislative purpose underlying the PIP statute and the Fourth District Court's decision in Hunter, the Florida PIP statute requires the reimbursement of transportation costs incurred as a result of medical treatment that is reasonably medically necessary. See Malu, 898 So.2d at 76. Hunter, however, only authorizes the payment of medical travel expenses as a reimbursable benefit under the PIP statute, but it does not address the question of what rate is a reasonable one as a matter of law.
Liberty Mutual could have made specific mileage computations based upon the type of vehicle used by its various PIP claimants. That it selected 32.5 cents per mile does not mean that everyone spent the same amount of transportation costs. The insurer simply selected this sum for its own administrative convenience. This would not prevent an individual insured from complaining if his or her expenses exceeded such a sum.
Padilla, however, is not complaining that his transportation costs exceeded Liberty Mutual's mileage payments. He is instead seeking declaratory relief under a class action to set a different mileage rate applicable to all members of the class, regardless of their form of transportation. The plaintiff class would seek to do this using statistics compiled by the American Automobile Association. Under this scenario, a jury would ostensibly hear testimony and thereafter promulgate a flat rate per mile based upon what the jury determined was reasonable to reimburse the plaintiffs for their transportation expenses incurred in their use of their private vehicles, without regard to the type of vehicle used. This is clearly a legislative endeavor. We believe it is inappropriate for juries to legislate a specific rate as reasonable in all cases.

CONCLUSION
For these reasons, the issue of whether the 32.5 cents constitutes a proper rate of reimbursement is one for the Florida Legislature and not the judiciary. We further decline to address all other issues raised.
Affirmed.