PER CURIAM.
We have for review Gaetan v. GEICO Indemnity Co., 854 So.2d 214 (Fla. 3d DCA 2003), and Schwartz v. USAA Casualty Insurance Co., 877 So.2d 949 (Fla. 4th DCA 2004), both of which cite to a case that was pending review in this Court (Malu v. Security National Insurance Co., 848 So.2d 373 (Fla. 4th DCA 2003), review granted, 870 So.2d 822 (Fla.2004)). We also have for review Garrido v. Victoria Fire & Casualty Co., 889 So.2d 141 (Fla. 3d DCA 2004), which likewise cites to a related case that was pending review in this Court (Padilla v. Liberty Mutual Insurance Co., 870 So.2d 827 (Fla. 3d DCA 2003), review granted, 870 So.2d 822 (Fla.2004)), and certifies conflict with Hunter v. Allstate Insurance Co., 498 So.2d 514 (Fla. 5th DCA 1986). We have jurisdiction. See art. V, § 3(b)(3)-(4), Fla. Const.; Jollie v. State, 405 So.2d 418 (Fla.1981). We consolidate Gaetan, Schwartz, and Garrido for purposes of this opinion.
This Court recently approved Hunter and quashed both Malu and Padilla. See Malu v. Sec. Nat’l Ins. Co., 898 So.2d 69 (Fla.2005). Accordingly, and upon review of the parties’ various responses or lack thereof to this Court’s orders to show cause that were issued on May 5, 2005, in Gaetan, Schwartz, and Garrido, the Court has determined that it should accept jurisdiction in those three cases. It is thus ordered that the petitions for review in Gaetan, Schwartz, and Garrido are granted; that those three decisions are quashed; and that those matters are remanded for reconsideration in light of this Court’s decision in Malu. No motion for rehearing will be entertained by this Court.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.