PER CURIAM.
We revisit this case pursuant to the Florida Supreme Court’s mandate in Gaetan v. GEICO Indemnity Co., 911 So.2d 94 (Fla.2005). Gaetan quashed our earlier decision, Garrido v. Victoria Fire & Casualty Co., 889 So.2d 141 (Fla. 3d DCA 2004), and remanded the cause to us for further proceedings in light of Malu v. Security National Insurance Co., 898 So.2d 69 (Fla.2005).
Danilo Garrido filed a claim against his insurer, Victoria Fire & Casualty Co., seeking additional reimbursement for his transportation costs incurred in connection with his medical treatment. The insurer had paid Garrido at a rate of 31<t per mile. Garrido filed a class action asserting that 31c was an inadequate amount to cover his transportation expenses. The insurer moved for summary judgment asserting that Garrido was not entitled to any mileage benefits under section 627.736(l)(a), Florida Statutes (2004), or, alternatively, had no individual claim because the 31c rate exceeded his actual expenses. The court granted final summary judgment and Garrido appealed. We affirmed based on Padilla v. Liberty Mutual Insurance Co., 870 So.2d 827 (Fla. 3d DCA 2003). Garrido, 889 So.2d 141. The Florida Supreme Court subsequently quashed this court’s decisions in Gaetan and Padilla. Malu, 898 So.2d at 76.
Based on the holding in Malu, we reverse the summary judgment entered in the trial court and remand for further proceedings. Malu held that an insured is entitled to “reimbursement of transportation costs incurred in connection with medical treatment that is reasonably medically necessary.” Id. at 76. Hence, the trial court erred in entering summary judgment on that basis.
This is not a case where the insured is asking this court to establish a reimbursement rate for the insurer. Compare Padilla v. Liberty Mut., 30 Fla. L. Weekly D1923, — So.2d-, 2005 WL 1965863 (Fla. 3d DCA Aug. 17, 2005) (dismissal appropriate in declaratory judgment action brought for court to establish a blanket reasonable transportation expense compensation rate under PIP statute in all cases) (“Padilla II ”). As this court found in Padilla II, the fact that an insurer sets a specific compensation rate for transportation expenses, “does not mean that everyone spent the same amount of transportation costs. The insurer simply selected this sum for its own administrative convenience. This would not prevent an individual insured from complaining if his or her expenses exceeded such a sum.” Padilla II, 30 Fla. L. Weekly at D1923, — So.2d at-.
This is precisely what Garrido proposed to do in his complaint. This cause is therefore remanded to the trial court for further consistent proceedings.
Summary judgment reversed.