678 So.2d 902 (1996)
SAM'S CLUB and Claims Management, Inc., Appellants/Cross-Appellees,
v.
Annette BAIR, Appellee/Cross-Appellant.
No. 95-3994.
District Court of Appeal of Florida, First District.
August 23, 1996.
*903 William H. Rogner of Hurley & Rogner, P.A., Orlando, for Appellants/Cross-Appellees.
Mark N. Tipton of Daniel Hightower, P.A., Ocala, for Appellee/Cross-Appellant.
ERVIN, Judge.
In this appeal and cross-appeal of an order of the judge of compensation claims (JCC) awarding temporary total disability benefits to claimant, Annette Bair, we affirm, in the main appeal, those portions of the order finding Bair's back injury compensable and awarding costs of transportation for medical treatment under section 440.13(2)(a), Florida Statutes (Supp.1994). As to the cross-appeal, we reverse that portion declining to determine whether the treatment Dr. Ross Dumbadse provided was reasonable and necessary.
Considering first the appeal lodged by the employer/carrier (E/C), there is competent, substantial evidence supporting the JCC's finding that claimant's compensable accident was the major contributing cause of her need for treatment for her back injury.
We affirm as well the award of medical mileage. In 1964, the supreme court held that section 440.13, Florida Statutes, which requires the employer to furnish the claimant with "remedial treatment, care, and attendance" for as long as the injury requires, included costs of transportation for medical treatment. Mobley v. Jack & Son Plumbing, 170 So.2d 41 (Fla.1964). Because the language in Mobley is so clear and emphatic, we quote it in full:
There can be no doubt that the Legislature intended that an injured employee be given medical treatment at the expense of the employer-carrier and without expense to himself. This legislative intent would not be fully accomplished if the employee were required to pay his own travel expenses necessarily incurred in obtaining medical treatment.
We doubt that anyone would question payment of an ambulance charge for transporting an injured employee to or from his home when necessary in the course of his treatment. Yet, technically, such a charge is not for "remedial treatment, care and attendance." Again, if a claimant were to be offered treatment by the employer at one of the out of state clinics, failure of the employer to also furnish travel expenses would make the offer of treatment an empty gesture. These two illustrations may be said to be unusual, but, as we view the question, the difference in the cited situations and travel by a claimant from his home to a doctor or hospital is one only in degree, not in kind.
Considering the purposes of the Workmen's Compensation Act and the benefits to be given injured employees by its terms, we conclude that travel expenses necessarily incurred in enjoying the medical benefits provided by the Act are an incident of medical care and treatment. Therefore, the employer-carrier must either furnish such transportation or pay claimant the reasonable actual cost thereof.
Id. at 47.
In 1977, the legislature added a provision to section 440.13 expressly authorizing such medical mileage. Ch. 77-290, § 3, at 1287, Laws of Fla. When the legislature amended section 440.13 in 1993, it deleted this provision.[1] Ch. 93-415, § 17, at 98-111, Laws of Fla. We conclude that this omission did not abrogate the judicial construction in Mobley and its progeny that section 440.13(2)(a) implicitly authorizes such costs.
Certainly, by enacting a material amendment to a statute, the legislature is presumed to have intended to alter the law unless the contrary is made clear. Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362 (Fla.1977). On the other hand, once a court has construed a statutory provision, subsequent reenactment of that provision may be considered legislative approval of the judicial interpretation. Seddon v. Harpster, 403 So.2d 409 (Fla.1981). The existence of these competing rules of statutory *904 construction renders the legislature's omission of the provision ambiguous. Although it might be reasonable to conclude that the legislature intended to eliminate reimbursement for costs of transportation by deleting that provision from the 1993 amendment, any such conclusion must be harmonized with the recognition that the legislature reenacted the long-standing requirement that the employer shall furnish "remedial treatment, care, and attendance for such period as the nature of the injury or the process or recovery may require." Accordingly, the legislature must be presumed to have continued its approval of the supreme court's construction of this language in Mobley to permit reimbursement of medical transportation.
In the case at bar, there is no actual conflict between the amendment omitting the express authorization of transportation costs, and the retained language of section 440.13(2)(a) requiring remedial treatment, care, and attendance, and therefore the legislative acts can be harmonized. Presumably, the legislature omitted the costs provision with full knowledge that payment of costs would still be awarded as part of a claimant's remedial treatment, care, and attendance, as held in Mobley, else it would have stated the contrary. It was reasonable for the JCC to conclude that mere omission of subsection (6) did not abrogate prior judicial construction of section 440.13(2)(a).
As to claimant's cross-appeal, urging that the JCC erred in denying her claim for reimbursement of payments for certain medical services furnished to her by Dr. Dumbadse, we affirm the denial insofar as it relates to treatment obtained before she sought authorization. She was entitled, however, to a determination of the reasonableness and necessity of such treatment obtained after she sought authorization, because the carrier, Claims Management, Inc., authorized treatment of her knee injuries but denied authorization for any treatment of her back injury. The JCC found that claimant's back condition was fully compensable; therefore, the E/C improperly refused authorization. We consider this situation comparable to that in Borges v. Osceola Farms Co., 651 So.2d 173 (Fla. 1st DCA 1995), wherein authorization of neurological or orthopedic care did not satisfy the E/C's obligation to authorize chiropractic care which the claimant had requested.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED with directions to the JCC to determine whether the treatment Dr. Dumbadse provided after the E/C refused to authorize treatment for back pain was reasonable and necessary.
KAHN and DAVIS, JJ., concur.
NOTES
[1] The provision was first codified at section 440.13(4). When omitted in 1993, it was codified at section 440.13(6).