690 So.2d 649 (1997)
WAL MART STORES, INC. and Claims Management, Inc., Appellants,
v.
Judy MANN, Appellee.
No. 95-1217.
District Court of Appeal of Florida, First District.
March 13, 1997.
*650 Michael S. Waranch of Hurley & Rogner, P.A., Orlando, for Appellants.
Barry Silber, Pensacola, for Appellee.
BARFIELD, Chief Judge.
In this workers' compensation appeal the employer/carrier challenged the award to claimant of additional temporary total disability benefits and penalties based on an increase in average weekly wage, reimbursement of medical mileage, authorization of Dr. Hooper and Dr. Buchalter and award of psychiatric care and treatment. We affirm the award of medical mileage on the authority of Sam's Club v. Bair, 678 So.2d 902 (Fla. 1st DCA 1996). There is competent substantial evidence to support the authorization of Dr. Hooper and Dr. Buchalter. However, we reverse the award of additional temporary total disability benefits with penalties and the award of psychiatric care and treatment.
The only evidence of average weekly wage was presented by claimant who testified to receiving health insurance benefits since December, 1993, but produced pay stubs that clearly showed these benefits commenced on April 2, 1994, two weeks prior to the injury. There being no competent substantial evidence to support the judge's determination of average weekly wage, the award of additional temporary total disability benefits and penalties is reversed and remanded for further proceedings.
The judge erred in authorizing psychiatric care absent evidence that such care is medically necessary. The claimant presented no medical testimony that her psychiatric condition was causally related to her industrial injury. The award was based on a waiver of medical necessity and causation under section 440.13(3)(d), Florida Statutes (Supp.1994). That provision applies only to a request for referral authorization under section 440.13(3)(c), which is not present in this case. Accordingly, the award of psychiatric care and treatment is reversed.
The order is affirmed in part, reversed in part, and remanded for further proceedings.
KAHN and DAVIS, JJ., concur.