774 So.2d 942 (2001)
PALM BEACH COUNTY POLICE BENEVOLENT ASSOCIATION, INC., Appellant,
v.
CITY OF RIVIERA BEACH, Appellee.
No. 1D99-2260.
District Court of Appeal of Florida, First District.
January 10, 2001.
*943 Mary Jill Hanson, of Hanson, Perry & Jensen, P.A., West Palm Beach; Gene "Hal" Johnson, General Counsel, Florida PBA, Tallahassee; Alan Aronson, Shelley Mund, Counsel, Palm Beach County PBA, West Palm Beach, for Appellant.
Curtis L. Mack, of McGuire, Woods, Battle & Boothe LLP, Atlanta, GA, for Appellee.
PER CURIAM.
The Palm Beach County Police Benevolent Association (Appellant or PBA) appeals a final order of the Public Employees Relations Commission (PERC) determining that the City of Riviera Beach (City) did not engage in an unfair labor practice when it dismissed three officers. Having considered the briefs and heard oral argument, we reverse.
In September 1997, the PBA filed an unfair labor practice charge against the City for unlawfully interrogating and discharging three police officersLts. Pfefferkorn and Gilles and Officer Peterson all of whom were PBA representatives, for their involvement in union activities. At the hearing, appellants argued that the City violated Section 447.501(1)(a) and (b), Florida Statutes, by discharging the three officers for engaging in protected, concerted activities on behalf of the PBA. The City argued that the concerted activities were not protected and that the sole basis for the dismissals was the internal investigation report written by an outside investigator.
Following a lengthy hearing, the hearing officer found that the police officers all had exemplary records prior to their dismissal and that they had been actively engaged in protected, concerted activity on behalf of the PBA over an extended period of time, including supporting certain candidates in city elections. The police chief knew of the officers' activities and had publicly acknowledged his displeasure. The chief believed the PBA was attempting to discredit him and that the PBA's involvement in the elections could affect his job security. After the city election, the police chief received information that had all three of the candidates the PBA supported been elected, these officers had planned that the new city council would then be able to fire the current city manager and appoint someone friendly to the PBA to replace him; the new city manager would in turn fire the police chief. The police chief hired an experienced law enforcement officer to investigate the officers' city election activities. Basing his decision solely on the report submitted, the police chief recommended the officers' dismissal, and the City discharged them. The hearing officer concluded that there were "crucial" omissions from and "blatant deficiencies" in the investigative report that should have been apparent to the police chief and that the chief could not have reasonably relied on the report. The report thus provided the chief, who had a conflict of interest and an anti-union animus, with a "convenient pretext to punish the PBA for its protected political activities" by dismissing the three officers. Further, the City produced no evidence demonstrating that it would have taken the same action absent the chiefs recommendation, which was motivated by an impermissible reason. The hearing officer concluded that the City violated the law, as claimed by the PBA, by dismissing the officers for engaging in protected, concerted *944 activities and by interrogating the officers about their PBA activities.
PERC remanded the case, stating that the hearing officer implied that by rejecting the police chief's discharge explanation as pretext it was necessary to infer that the basis for the chief's discharge recommendation was the officers' protected concerted conduct. Accordingly, PERC told the hearing officer to "revisit" his factual analysis, and make supplemental findings of fact from record evidence if necessary, with regard to whether the City would have fired the officers regardless of their protected conduct.
On remand the hearing officer did not alter any of the findings or conclusions made in the original recommended order, and in fact reiterated many of them. In the supplemental recommended order, he made one additional finding of fact: that upon reading the investigative report, the police chief placed in context statements and events he previously had heard or observed. Then reversing his previous conclusion, he found that the PBA did not establish by a preponderance of the evidence that the police chief's discharge recommendation was unlawfully motivated. PERC affirmed the supplemental order, and this appeal ensued.
In Pasco County School Bd. v. Florida Public Employees Relations Comm'n, 353 So.2d 108, 117 (Fla. 1st DCA 1978), this court announced the following test for addressing an unfair labor practice charge:
In order to determine whether the evidence sustains a charge alleging an unfair labor practice, when it is grounded upon an asserted violation of protected activity, the following general principles should be considered by the hearing officer and by PERC:
(1) In any such proceeding the burden is upon the claimant to present proof by a preponderance of the evidence that (a) his conduct was protected and (b) his conduct was a substantial or motivating factor in the decision taken against him by the employer.
(2) If the hearing officer determines the decision of the employer was motivated by a non-permissible reason, the burden shifts to the employer to show by a preponderance of the evidence that notwithstanding the existence of factors relating to protected activity, it would have made the same decision affecting the employee anyway.
Citing this passage in the original recommended order, the hearing officer found that the PBA met its burden. No finding was made that the officers were engaged in unprotected conduct. The recommended order states that the police chief could not have reasonably relied on the blatantly deficient investigative report and instead, motivated by an anti-union animus, used the report as a pretext to discharge the officers for their protected political activities. The hearing officer expressly found that the City had not presented any evidence with regard to the second prong of the Pasco County test. See Reeves v. Sanderson Plumbing Prod., 530 U.S. 133, 120 S.Ct. 2097, 2108-09, 147 L.Ed.2d 105 (2000). Accordingly, PERC erred in remanding the case to the hearing officer because the hearing officer's findings of fact were supported by competent substantial evidence, and the hearing officer applied the correct law. See § 120.57(1)(l), Fla.Stat. (prescribing requirements for agency's rejection or modification of recommended order's findings of fact or conclusions of law).
The hearing officer's conclusion in the supplemental orderthat the PBA failed to meet its burden to demonstrate that the officers' discharge was unlawfully motivated is clearly erroneous. See Florida Dep't of Community Affairs v. Bryant, 586 So.2d 1205, 1209 (Fla. 1st DCA 1991). This new conclusion is contradicted by the unaltered findings of the original recommended order and cannot stand upon the single, additional finding in the supplemental order.
*945 For the reasons expressed above, we reverse PERC's final order and reinstate the hearing officer's original recommended order.
BARFIELD, C.J., MINER and PADOVANO, JJ., concur