785 So.2d 610 (2001)
Oghenerhoro E. BAMAWO, Appellant,
v.
DEPARTMENT OF CORRECTIONS, Appellee.
No. 3D00-2630.
District Court of Appeal of Florida, Third District.
April 25, 2001.
Rehearing Denied May 30, 2001.
Mark J. Berkowitz (Ft. Lauderdale), for appellant.
Ernest Reddick (Tallahassee), for appellee.
Before COPE, GREEN and FLETCHER, JJ.
PER CURIAM.
Oghenerhoro E. Bamawo ("the employee") appeals an order of the Public Employees *611 Relations Commission ("PERC") upholding his dismissal by the Florida Department of Corrections. We affirm.
After conducting an evidentiary hearing, the hearing officer concluded that the employee was guilty of insubordination and unbecoming conduct. We agree with PERC that the hearing officer's findings are supported by competent substantial evidence. See § 120.57(1), Fla. Stat. (1999). PERC correctly upheld the factual findings.
The employee contends that the Department should not have invoked the expedited dismissal procedure set forth in paragraph 110.227(5)(b), Florida Statutes. This allows dismissal or suspension without ten days prior notice "[i]n extraordinary situations such as when the retention of a permanent career service employee would result in damage to state property, would be detrimental to the best interest of the state, or would result in injury to the employee, a fellow employee, or some other person...." The hearing officer found that the employee had threatened physical violence to supervisors on two occasions. Reliance on the expedited dismissal procedure was justified.
The employee contends that PERC should have mitigated the discipline in its discretionary authority under paragraph 447.208(3)(d), Florida Statutes. That statute allows PERC the discretion to reduce dismissals and suspensions to lesser penalties after consideration of four statutory factors.[1] The burden is on the employee to prove that the mitigation criteria call for a reduction of the penalty. See Department of Corrections v. Dixon, 436 So.2d 320 (Fla. 1st DCA 1983). The hearing officer found that the seriousness of the conduct outweighed the fact that the employee had a seven-year record of employment without prior discipline. There was no evidence of disparate treatment or extraordinary circumstances. We see no abuse of discretion in PERC's decision to deny mitigation.
Affirmed.
NOTES
[1] The statute states:

(d) The commission is limited in its discretionary reduction of dismissals and suspensions to consider only the following circumstances:
1. The seriousness of the conduct as it relates to the employee's duties and responsibilities.
2. Action taken with respect to similar conduct by other employees.
3. The previous employment record and disciplinary record of the employee.
4. Extraordinary circumstances beyond the employee's control which temporarily diminished the employee's capacity to effectively perform his or her duties or which substantially contributed to the violation for which punishment is being considered.