940 So.2d 1207 (2006)
Theron REMINGTON, Appellant,
v.
CITY OF OCALA/UNITED SELF INSURED, Appellees.
No. 1D05-6038.
District Court of Appeal of Florida, First District.
October 31, 2006.
*1208 Todd J. Sanders and Kelli Biferie Hastings of Bichler & Kelley, P.A., Winter Park, for Appellant.
Mary L. Wakeman and Betty D. Marion of McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A., Tallahassee, for Appellees.
BENTON, J.
Theron Remington appeals the final order denying the petition for benefits he filed seeking to recover transportation costs necessarily incurred in obtaining medicines prescribed by his authorized treating physicians. The judge of compensation claims ruled that "Florida workers' compensation law does not require an employer or carrier to provide reimbursement to an injured worker for travel related to obtaining prescription drugs or other pharmacy supplies." We reverse and remand for further proceedings.
The employer's responsibility to furnish medicines that authorized physicians prescribe is not in question. At the time of the claimant's initial compensable injury in December of 1997, as well as at the time of his second compensable injury in May of 2002, the Florida's Workers' Compensation Act provided:

*1209 Subject to the limitations specified elsewhere in this chapter, the employer shall furnish to the employee such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require, including medicines, medical supplies, durable medical equipment, orthoses, prostheses, and other medically necessary apparatus.
§ 440.13(2)(a), Fla. Stat. (2001) (emphasis supplied); § 440.13(2)(a), Fla. Stat. (1997) (emphasis supplied). Under the Act, the word "`[m]edicine' means a drug prescribed by an authorized health care provider. . . ." § 440.13(1)(n), Fla. Stat. (2001); § 440.13(1)(n), Fla. Stat. (1997).
Asked in Mobley v. Jack & Son Plumbing, 170 So.2d 41 (Fla.1964), to decide whether this statutory language required an employer to furnish injured employees "travel expenses incident to medical treatment," id. at 46, along with the cost of the medical treatment itself, our supreme court answered with what remains the definitive construction of the statute:
Chapter 440 does not specifically require or authorize payment of travel expenses incurred in obtaining medical treatment. Nevertheless, we are of the view that Section 440.13, which requires the employer to furnish to the employee "such remedial treatment, care and attendance" as the injury shall require, must be interpreted to include reasonable travel expenses incurred by the employee in presenting himself at the place where such treatment and care is provided.
There can be no doubt that the Legislature intended that an injured employee be given medical treatment at the expense of the employer-carrier and without expense to himself. This legislative intent would not be fully accomplished if the employee were required to pay his own travel expenses necessarily incurred in obtaining medical treatment.
We doubt that anyone would question payment of an ambulance charge for transporting an injured employee to or from his home when necessary in the course of his treatment. Yet, technically, such a charge is not for "remedial treatment, care and attendance." Again, if a claimant were to be offered treatment by the employer at one of the out of state clinics, failure of the employer to also furnish travel expenses would make the offer of treatment an empty gesture. These two illustrations may be said to be unusual, but, as we view the question, the difference in the cited situations and travel by a claimant from his home to a doctor or hospital is one only in degree, not in kind.
Considering the purposes of the Workmen's Compensation Act and the benefits to be given injured employees by its terms, we conclude that travel expenses necessarily incurred in enjoying the medical benefits provided by the Act are an incident of medical care and treatment. Therefore, the employer-carrier must either furnish such transportation or pay claimant the reasonable actual cost thereof.
Id. at 47. While the supreme court was concerned in Mobley with the cost necessitated in transporting a claimant "from his home to a doctor or hospital" to obtain care or treatment from medical personnel, we see nothing in principle that justifies a different result for transportation costs necessarily incurred to obtain treatment from medicines.

I.
Ever since it was decided, the Mobley decision has remained controlling authority, see Sam's Club v. Bair, 678 So.2d 902, 904 (Fla. 1st DCA 1996) ("[T]he legislature *1210 must be presumed to have continued its approval of the supreme court's construction of this language in Mobley to permit reimbursement of medical transportation."), statutory changes notwithstanding. The Legislature added a provision to section 440.13, after Mobley was decided, authorizing inclusion of certain medical mileage as "part of [an injured employee's] remedial treatment, care, and attendance," Ch. 77-290, § 3, at 1287, Laws of Fla., thereby adopting pro tanto the supreme court's construction of statutory language that antedated (and survived) chapter 77-290. "[O]nce a court has construed a statutory provision, subsequent reenactment of that provision may be considered legislative approval of the judicial interpretation. Seddon v. Harpster, 403 So.2d 409 (Fla.1981)." Bair, 678 So.2d at 903.
When the Legislature later removed the medical mileage provision it had added in 1977, see Ch. 93-415, § 17, at 98-111, Laws of Fla., it was simply excising surplusage. We so held in Bair, where
[w]e conclude[d] that this omission did not abrogate the judicial construction in Mobley and its progeny that section 440.13(2)(a) implicitly authorizes such costs.
. . . . Although it might be reasonable to conclude that the legislature intended to eliminate reimbursement for costs of transportation by deleting that provision from the 1993 amendment, any such conclusion must be harmonized with the recognition that the legislature reenacted the long-standing requirement that the employer shall furnish "remedial treatment, care, and attendance for such period as the nature of the injury or the process o[f] recovery may require." Accordingly, the legislature must be presumed to have continued its approval of the supreme court's construction of this language in Mobley to permit reimbursement of medical transportation.
. . . . Presumably, the legislature omitted the costs provision with full knowledge that payment of costs would still be awarded as part of a claimant's remedial treatment, care, and attendance, as held in Mobley, else it would have stated the contrary.
Bair, 678 So.2d at 903-04. See also Wal Mart Stores, Inc. v. Mann, 690 So.2d 649, 650 (Fla. 1st DCA 1997) (affirming award of medical mileage on the authority of Bair).
When, by enacting section 17 of chapter 93-415 of the Laws of Florida, the Legislature deleted the medical mileage provision that it had enacted after Mobley, Ch. 77-290, § 3, at 1287, Laws of Fla., the Legislature also added another provision for claiming and litigating transportation costs:
(2) The Office of the Judges of Compensation Claims shall review each petition and shall dismiss each petition, upon its own motion or upon the motion of any party, that does not on its face specifically identify or itemize the following:
. . . .
(g) All travel costs to which the employee believes he is entitled, including dates of travel and purpose of travel, means of transportation, and mileage.
Ch. 93-415, § 25, at 137, Laws of Fla. (codified at § 440.192(2)(g), Fla. Stat. (Supp.1994)). In the decade since Bair was decided, the Legislature has left the pertinent language in sections 440.13(2)(a) and 440.192(2)(g) intact, other amendments to the Act notwithstanding. See, e.g., Ch. 2006-197, § 91, at 1625, Fla. Sess. Law Serv. (West) (amending section 440.13, Florida Statutes).

*1211 II.
Ostensibly recognizing the continued viability of Mobley and the authority of Bair's holding to that effect, the judge of compensation claims purported to distinguish those cases and to limit the principle that animated them, ruling that section 440.13(2)(a) "does not require an employer or carrier to provide reimbursement to an injured worker for travel related to obtaining prescription drugs or other pharmacy supplies." But the order under review identifies as its central underpinning a rationale that is antithetical to the teachings of Mobley and Bair and cannot be squared with their holdings. The order states:
To require the E/SA to reimburse an injured worker for travel expenses incurred in going to and from the pharmacy to obtain medicines prescribed by an authorized physician would require a conclusion that the act of going to the pharmacy constitutes treatment.
. . . .
Therefore, since the act of going to a pharmacy does not fit within the definition of treatment, reimbursement of mileage for that kind of travel would not seem to be required. . . .
The order below runs counter to every other decision on the point by a judge of compensation claims to which our attention has been drawn. See Mills v. Orange County Fire Rescue, OJCC No. 05-016395TWS, Order on Expedited Hr'g, at 3-4 (Dec. 14, 2005) (on file with clerk, Office of the Judge of Compensation Claims, Orlando District) (holding, "pursuant to Mobley . . ., the Claimant is entitled to payment of pharmacy mileage" because "the definition of `treatment' includes `medicine'"); Antonelli v. Orange County Fire Rescue, OJCC No. 96-002024WJC, Final Order on Expedited Hr'g, at 6 (Oct. 13, 2005) (on file with clerk, Office of the Judge of Compensation Claims, Orlando District) (concluding that "pharmacy bills and mileage related thereto constitutes medical care and treatment under § 440.13(2)(a)"); O'Donnell v. Laborer's Int'l Union, OJCC No. 03-025029ORL, Compensation Order, at 9 (Apr. 6, 2004) (on file with clerk, Office of the Judge of Compensation Claims, Orlando District) ("Claimant is entitled to medical mileage for all treatment including the pharmacy mileage."); Rodney v. Fla. Hosp., OJCC No. 02-037057ORL, Compensation Order, at 7 (Nov. 6, 2003) (on file with clerk, Office of the Judge of Compensation Claims, Orlando District); see also Cicero v. Sheraton Safari Hotel, OJCC No. 04-027315JPT, Order Approving Joint Stipulation for Att'ys Fees, at 1 (June 14, 2005) (on file with clerk, Office of the Judge of Compensation Claims, Orlando District) (approving employer's stipulation to pay pharmacy mileage).
If medicines remain uncollected at a pharmacy, they do a claimant no good. The claimant in the present case does not contend that the act of driving to the pharmacy is therapeutic, just as the claimant in Mobley did not contend that driving to a hospital or to a doctor's office was therapeutic. But transportation is necessary in all these instances for treatment to occur. This is not to say, of course, that a claimant must necessarily travel personally to a pharmacy to obtain medicines. But even if, for example, prescription drugs are periodically mailed to an injured employee, the requisite postage is a cost necessarily incurred to transport them to the point at which they can serve as the treatment the employer is responsible for providing. "The statutory obligation . . . to furnish medical care includes `medicine', and travel costs are reasonably due for obtaining medicine as part of treatment." Antonelli, Final Order on Expedited Hearing, at 7 ("Clearly, if a Claimant has no . . . *1212 means of transportation, the employer would be responsible . . . to assist him in obtaining his medications.").
Under the view espoused by the judge of compensation claims, in contrast, a worker rendered quadriplegic by an industrial accident might have to pay somebody out of his own pocket to deliver the drugs that his authorized physician prescribed for him, effectively suffering a reduction in indemnity benefits. This flies in the face of the construction our supreme court gave to the statute in Mobley, 170 So.2d at 47 ("There can be no doubt that the Legislature intended that an injured employee be given medical treatment at the expense of the employer-carrier and without expense to himself."). Under the view espoused by the judge of compensation claims, would the cost of a claimant's trip to a doctor's office or to a hospital be compensable, even if the only purpose was to obtain a cortisone shot or some other medicine?
There is no basis in statute or case law for a distinction between transportation expenses incurred to obtain treatment (other than medicine) at a doctor's office or hospital and transportation expenses incurred to obtain treatment from a pharmacy in the form of medicine. Section 440.13(2)(a) specifically includes "medicines" among the types of "treatment, care, and attendance" that an employer is legally obligated to provide a sick or injured employee. § 440.13(2)(a), Fla. Stat. (2001) ("[T]he employer shall furnish to the employee such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of recovery may require, including medicines. . . ."). Construing the language in section 440.13(2)(a), our supreme court plainly said that, where "travel expenses [are] necessarily incurred in enjoying the medical benefits provided by the Act," the "employer-carrier must either furnish such transportation or pay claimant the reasonable actual cost thereof." Mobley, 170 So.2d at 47.

III.
Although injured employees, not employers, have the right to choose their pharmacy or pharmacist, see § 440.13(3)(j), Fla. Stat. (2001); § 440.13(3)(j), Fla. Stat. (1997) ("It is expressly forbidden for the division, an employer, or a carrier, or any agent . . . to . . . interfere in the selection by the sick or injured employee of a pharmacy or pharmacist."), only transportation "expenses necessarily incurred," Mobley, 170 So.2d at 47, are the employer's responsibility.
In the proceedings below, the claimant sought to prove that he (or sometimes his wife) drove back and forth to the pharmacy nearest his home. The judge of compensation claims made no findings of fact, however, because the judge of compensation claims ruled that it was "unnecessary to address the other issues and defenses presented, such as the rate at which any travel should be reimbursed . . . [and] the admissibility of some of the evidence sought to be introduced," on account of his rulingwhich we now reversethat the cost of transporting pharmaceuticals is not reimbursable, as a matter of law. The questions surrounding the admissibility of some of the claimant's evidence, the evidence itself, and other matters the judge of compensation claims did not reach will have to be addressed on remand, in light of our decision.
Reversed and remanded.
LEWIS, J., concurs.
SILVERMAN, SCOTT J., Associate Judge, dissents with opinion.
*1213 SILVERMAN, SCOTT J., Associate Judge, dissenting.
I respectfully dissent from the majority's opinion.
In my view, the majority is engaging in judicial legislation by creating an entitlement that simply does not exist under current Florida law. "It is axiomatic that courts may not rewrite legislation or fashion new law that they deem to be `fair' and `just.'" Smith v. Crawford, 645 So.2d 513, 525 (Fla. 1st DCA 1994); see Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). I would affirm the decision of the Judge of Compensation Claims (JCC) that a claimant's reimbursement for medical mileage (which only exists by virtue of the Florida Supreme Court's decision in Mobley v. Jack & Son Plumbing, 170 So.2d 41 (Fla. 1964), and its progeny) does not include a contemporaneous or separate right to reimbursement for mileage resulting from travel to and from a pharmacy.
The majority does not cite a single source, nor does it reference any statute or case, which specifically provides for the reimbursement of mileage to and from a pharmacy. Instead, the majority is relying on Mobley and has chosen to extend its otherwise broad language to create a substantive right which has yet to be recognized or voted upon by Florida's Legislature. While it may be sound policy to permit reimbursement for mileage to and from the pharmacy, the creation of any law relating to this workers' compensation issue falls squarely before the Legislature and not the courts. Under our constitutional system, courts cannot legislate. See Art. II, § 3, Fla. Const.; State v. Wershow, 343 So.2d 605, 607 (Fla.1977) (citing State v. Egan, 287 So.2d 1 (Fla.1973)).
To further bolster its argument, the majority is relying upon opinions of the JCCs. However, with all due respect to the Office of the Judges of Compensation Claims (OJCC) cases cited by the majority, our court accords no deference to legal conclusions made by JCCs. See Mylock v. Champion Intern., 906 So.2d 363, 365 (Fla. 1st DCA 2005) (explaining that this court reviews a JCC's interpretation of law de novo).
"[I]t is not a judicial function to add words to statutory language." Nat'l Airlines, Inc. v. Div. of Employment Sec. of Fla. Dep't of Commerce, 379 So.2d 1033, 1035 (Fla. 3d DCA 1980). Had the Legislature intended an entitlement to pharmaceutical mileage, it would have expressed itself by enacting appropriate legislation. "[C]ourts have judicial power to interpret statutes, but that power cannot be used as a license to assume the prerogative of the legislature." Closet Maid v. Sykes, 763 So.2d 377, 382 (Fla. 1st DCA 2000).
This court does not have the "liberty to disregard an applicable rule of law pronounced by the Florida Supreme Court." Burke v. State, 672 So.2d 829, 831 (Fla. 1st DCA 1995). In Sam's Club v. Bair, 678 So.2d 902, 903 (Fla. 1st DCA 1996), we concluded that Mobley survived the 1993 amendments to the Workers' Compensation Act. Accordingly, we must accord the Mobley decision complete deference by following it obediently. However, the Court's holding in Mobley was limited to reimbursement for medical mileage. It did not address whether mileage to and from the pharmacy was reimbursable.
The Workers' Compensation Act "is a statutory substitute for common law rights and liabilities," and must be "strictly construed to include only those subjects clearly embraced within its terms. . . ." Fla. Birth-Related Neurological Injury Comp. Ass'n v. Fla. Div. of Admin. Hearings, 686 So.2d 1349, 1354 (Fla.1997). Nowhere in Chapter 440, Florida Statutes, does there appear any right for a claimant to be *1214 reimbursed for mileage to and from a pharmacy.
Accordingly, I dissent.