953 So.2d 715 (2007)
NOVA SOUTHEASTERN UNIVERSITY, and the Servicing Agent, Gallagher Bassett Services, Inc., Appellants,
v.
Yvette MAJNERICH, Appellee.
No. 1D06-0601.
District Court of Appeal of Florida, First District.
April 9, 2007.
Walter C. Wyatt, Esquire of Bradham, Benson, Lindley, Blevins, Bayliss, Wyatt & *716 Ross, P.L.L.C., Fort Lauderdale, and William H. Rogner, Esquire of Hurley, Rogner, Miller, Cox, Waranch & Westcott, P.A., Winter Park, for Appellants.
Ricardo Morales, Esquire, Hialeah, and Bill McCabe, Esquire, Longwood, for Appellee.
BENTON, J.
Nova Southeastern University (Nova) and its servicing agent, Gallagher Bassett Services, Inc. (Gallagher), appeal the compensation order awarding Yvette Majnerich, the claimant below, permanent total disability benefits on account of the debilitating effects she suffered from exposure to mold during her employment with Nova. The parties stipulated to an "accident date" of April 29, 2002. We affirm the order as modified.
Nova and Gallagher argue and Ms. Majnerich concedes that the judge of compensation claims acted without authority in requiring them to "reimburse the [claimant's private] health insurance carrier, Humana Healthcare Insurance, for" payments it made to her health care providers. See Greynolds Park Manor v. George, 417 So.2d 990, 991 (Fla. 1st DCA 1982) ("[I]t was not proper to direct the employer to pay directly persons or entities which had paid for the care but were not actually before the deputy."); see also Orlando Reg'l Healthcare Sys. v. Hurst, 763 So.2d 1243, 1244 (Fla. 1st DCA 2000); Orkin Pest Control v. Dykes, 464 So.2d 1299, 1300 (Fla. 1st DCA 1985).
Accordingly, we modify the order on review to require payment to the claimant. See Greynolds Park, 417 So.2d at 992 (on pets. for reh'g & clarification) ("Our decision does not mean that employer/carrier is temporarily absolved from the duty to pay for the treatment and care which was provided to the claimant. It means that the treatment and care are to be paid for by employer/carrier and collateral disputes as to reimbursement of outside entities not before the deputy commissioner are to be settled among the parties involved. . . . [T]he claimant . . . shall insure that those entities are properly reimbursed."). See also Sarasota County Sch. Bd. v. Castagna, 577 So.2d 635, 636 (Fla. 1st DCA 1991) ("Although the JCC is without jurisdiction to order the ESA to reimburse a third party insurer who is not before the JCC, the JCC should award to claimant all the medical benefits due . . ., and she shall insure that those entities are properly reimbursed.").
The judge also ordered Nova and Gallagher to "provide the Employee/Claimant with a prescription account and pay the outstanding bills of Workers' Comp Rx for medications filled after the Notice of Denial dated December 20, 2004." Because there is no statutory authority for "prescription accounts," we construe this as requiring nothing more than that Nova and Gallagher pay for covered prescriptions as part of their duty to "furnish to the employee such medically necessary remedial treatment . . . for such period as the nature of the injury or the process of recovery may require, including medicines[.]" § 440.13(2)(a), Fla. Stat. (2001). See also § 440.13(3)(j), Fla. Stat. (2001); Remington v. City of Ocala/United Self Insured, 940 So.2d 1207, 1211-12 (Fla. 1st DCA 2006). The judge of compensation claims can require compliance with the statute, but nothing more.
The order is affirmed, as modified.
POLSTON and HAWKES, JJ., Concur.