961 So.2d 1050 (2007)
Julius G. SMITH, Appellant,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, Appellee.
No. 1D06-5024.
District Court of Appeal of Florida, First District.
July 24, 2007.
Leonard S. Magid of Magid & Williams, P.A., Jacksonville, for Appellant.
*1051 Scott Shevenell, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellee.
KAHN, J.
Julius G. Smith appeals a final order from the Public Employees Relations Commission ("PERC"). In the order, PERC rejected the hearing officer's recommendation that Smith's termination be reduced to a sixty-day suspension without pay. On appeal, Smith argues PERC erred as a matter of law when it found that marital strife and emotional turmoil never qualify as mitigating factors in its review of agency action. We vacate the order and remand for further proceedings consistent with this opinion.

BACKGROUND
Smith worked for the Department of Corrections ("Department") for twenty-two years. In 2005, Smith, while arguing with his estranged wife, got into a violent confrontation with a fellow law enforcement officer. The State Attorney's Office declined to pursue any charges against Smith. As a result of the incident, however, the Department terminated Smith's employment. Smith appealed the dismissal to PERC.
After a hearing on the matter, the hearing officer determined that Smith's long and distinguished service with the Department, as well as the emotional turmoil surrounding the incident, called for a mitigated penalty. The hearing officer recommended a sixty-day suspension without pay. PERC accepted all of the hearing officer's findings of fact, but rejected the recommended penalty and upheld Smith's termination. In the final order, PERC stated, "marital strife and emotional states are not mitigating factors [in PERC proceedings]."

ANALYSIS
As the question of whether emotional turmoil may ever constitute a mitigating factor in PERC proceedings is a question of law, our review is de novo. See Sw. Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc., 773 So.2d 594, 597 (Fla. 1st DCA 2000) (explaining the reviewing court does not defer when the adjudicatory process does not involve a factual dispute or exercise of discretion). Here, PERC never considered the factors of Smith's marital strife and emotional turmoil; instead, PERC stated that such factors may never warrant mitigation. Accordingly, PERC's discretion is not implicated. We conclude that relevant statutory history calls PERC's conclusion into doubt.
Until 2001, the Legislature limited PERC's discretion in reducing a public employee's dismissal to consideration of four statutory criteria. See § 447.208(3)(d), Fla. Stat. (2000); see also Bamawo v. Dep't of Corrs., 785 So.2d 610, 611 (Fla. 3d DCA 2001) ("[Section 447.208(3)(d)] allows PERC the discretion to reduce dismissals and suspensions to lesser penalties after consideration of four statutory factors."). Under this previous statutory scheme, PERC determined that daily stresses of life, such as marital strife, did not qualify as mitigating factors. See, e.g., Lorde v. Dep't of Health & Rehab. Servs., 11 FCSR ¶ 005 (1996).
Then, in 2001, the Legislature substantially amended the provisions governing PERC's discretion. See ch.2001-43, § 22, at 199, Laws of Fla. These amendments severely limited PERC's discretion with regard to most public employees:

If the commission finds that cause did not exist for the agency action, the commission shall reverse the decision of the agency head and the employee shall be reinstated with or without back pay. If *1052 the commission finds that cause existed for the agency action, the commission shall affirm the decision of the agency head. The commission may not reduce the penalty imposed by the agency head, except in the case of law enforcement or correctional officers, firefighters, and professional health care providers, if the commission makes specific written findings of mitigation.

Id. (codified at § 110.227(6)(c), Fla. Stat. (2001)) (italicized emphasis added). Instead of requiring review under the previous four criteria, the new statute directed PERC to simply determine if cause existed for the employee's discipline. If cause did exist, PERC was compelled to affirm the action; if cause did not exist, PERC was required to reverse the decision and reinstate the employee. Significantly, the Legislature removed all discretion with regard to the degree of punishment, except in cases involving law enforcement or correctional officers, firefighters, and professional health care providers. Finally, the Legislature removed the four criteria found in section 447.208(3)(d). See ch.2001-43, § 38, at 207, Laws of Fla. (amending § 447.208, Fla. Stat. (2000)).
It is presumed the Legislature intends to change the law when it repeals or amends a statute. See Mikos v. Ringling Bros.-Barnum & Bailey Combined Shows, Inc., 497 So.2d 630, 633 (Fla.1986) ("[T]here is a strong presumption that, when the legislature amends a statute, it intends to alter the meaning of the statute."); Capella v. City of Gainesville, 377 So.2d 658, 660 (Fla.1979) ("When the legislature amends a statute by omitting words, we presume it intends the statute to have a different meaning than that accorded it before the amendment."); Arnold v. Shumpert, 217 So.2d 116, 119 (Fla.1968) ("The rule of construction, instead, is to assume that the Legislature by the amendment intended it to serve a useful purpose. Likewise, when a statute is amended, it is presumed that the Legislature intended it to have a meaning different from that accorded to it before the amendment." (citations omitted)); Sam's Club v. Bair, 678 So.2d 902, 903 (Fla. 1st DCA 1996) ("Certainly, by enacting a material amendment to a statute, the legislature is presumed to have intended to alter the law unless the contrary is made clear.") As a result of the 2001 amendments, PERC maintains discretion to reduce penalties imposed upon correctional officers. Further, PERC is no longer restricted to the four criteria once contained in section 447.208(3)(d), Florida Statutes (2000). Accordingly, when reviewing employment discipline meted out to a law enforcement or correctional officer, firefighter, or professional health care provider, PERC may now consider a broad range of factors in the decision of whether to mitigate the penalty.
Here, the hearing officer considered and credited Smith's emotional turmoil. Although the hearing officer's conclusions are not binding, PERC erred as a matter of law when it enunciated a policy that marital strife and emotional turmoil never qualify as mitigating factors. By failing to consider all of the hearing officer's findings regarding mitigation, PERC's conclusion also contravenes a general requirement of the Administrative Procedure Act that an administrative agency may not increase a recommended penalty unless it reviews the complete record and justifies its actions in writing. See § 120.57(1)(l), Fla. Stat. (2006); see also Palm Beach County Police Benevolent Ass'n, Inc. v. City of Riviera Beach, 774 So.2d 942, 944 (Fla. 1st DCA 2001) (requiring PERC to comply with section 120.57(1)(l), Florida Statutes).
*1053 Based on the foregoing, we must vacate PERC's conclusion that marital strife and emotional turmoil will never qualify as mitigating factors. We VACATE the final order and REMAND this case for further proceedings.
LEWIS and HAWKES, JJ., concur.