PER CURIAM.
 

 In this workers’ compensation case, Claimant challenges an order of the Judge of Compensation Claims (JCC) that denies permanent total disability (PTD) benefits, transportation to medical appointments, and a motion to disqualify filed against the JCC. We affirm the JCC’s denial of PTD benefits and the motion to disqualify without comment. We reverse the denial of transportation to medical appointments because the JCC improperly required Claimant to prove that transportation itself was medically necessary, a conclusion contrary to the settled law on the issue.
 

 Here, Claimant, who concedes that he is physically capable of driving, filed a claim for transportation to authorized medical appointments because his car was broken down and he lacked reliable transportation. The JCC concluded that the Employer/Carrier (E/C) is not responsible for Claimant’s transportation to medical ap-
 
 *142
 
 pointraents or the cost thereof and denied same, because no doctor wrote a prescription for transportation to medical appointments, and Claimant was not medically restricted from driving.
 

 It is well-settled law that a workers’ compensation carrier must either furnish transportation to authorized medical appointments or pay the reasonable cost thereof — because travel is incidental to medical care, not because the transportation itself is medical care or attendance.
 
 See Mobley v. Jack & Son Plumbing,
 
 170 So.2d 41 (Fla.1964);
 
 see also Remington v. City of Ocala,
 
 940 So.2d 1207 (Fla. 1st DCA 2006);
 
 Sam’s Club v. Bair,
 
 678 So.2d 902 (Fla. 1st DCA 1996). Accordingly, transportation to medical appointments does not, itself, have to be independently medically necessary.
 
 See Bair,
 
 678 So.2d at 904. Because the JCC improperly denied transportation to medical appointments or the cost thereof, we reverse and remand. On remand, the JCC shall enter an order providing that the E/C is responsible for transportation to medical appointments or the reasonable cost thereof, with the E/C having the first opportunity to determine the means of transportation. See
 
 generally, Polk County v. Vanado,
 
 576 So.2d 833, 841 (Fla. 1st DCA 1991) (explaining policy of allowing E/C first opportunity to determine means and methods of providing medical benefits).
 

 AFFIRMED in part, REVERSED, in part, and REMANDED for additional proceedings.
 

 VAN NORTWICK, PADOVANO and HAWKES, JJ., concur.