707 So.2d 913 (1998)
METROPOLITAN DADE COUNTY, Appellant,
v.
Sandra MILTON, Appellee.
No. 98-23.
District Court of Appeal of Florida, Third District.
March 11, 1998.
*914 Robert A. Ginsburg, County Attorney, Miami, and Thomas A. Tucker Ronzetti, Assistant County Attorney, Coral Gables, for appellant.
De La O, Marko & Wang and David E. Marko and Adrian C. Delancy, Miami, for appellee.
Before SCHWARTZ, C.J., and GREEN and SHEVIN, JJ.
SHEVIN, Judge.
Metropolitan Dade County [County] appeals an order granting employee Sandra Milton's motion for temporary reinstatement in her action filed under the Whistle-blower's Act [Act]. § 112.3187, Fla. Stat. (1997). We reverse.
Milton, a division director of special operations at the Department of Corrections and Rehabilitation of Metropolitan Dade County, filed the action under the Act against the County, County Manager Armando Vidal, and Corrections Director Donald Manning. Milton sought relief for her demotion to lieutenant allegedly in retaliation for her disclosures concerning defendants. Subsequently, Milton filed a motion pursuant to section 112.3187(9)(f) seeking temporary reinstatement to her former position as division director pending the final outcome on the complaint. The trial court granted her motion. The County seeks reversal of the order, contending that Milton was not entitled to temporary reinstatement because she was demoted rather than discharged as stated in the statute. We agree with the County's position.
The trial court reinstated Milton pursuant to section 112.3187(9)(f), which states:
In any action brought under this section, the relief must include the following: ... Temporary reinstatement to the employee's former position or to an equivalent position, pending the final outcome on the complaint, if an employee complains of being discharged in retaliation for a protected disclosure and if a court of competent jurisdiction ... determines that the disclosure was not made in bad faith or for a wrongful purpose or occurred after an agency's initiation of a personnel action against the employee which includes documentation of the employee's violation of a disciplinary standard or performance deficiency.
(emphasis added).
Milton's entitlement to temporary reinstatement relief depends on whether the undefined term "discharged," as employed in subsection (9)(f), includes the demotion of an employee in retaliation for a protected disclosure. "Florida law is well settled that ambiguity is a prerequisite to judicial construction, and in the absence of ambiguity the plain meaning of the statute prevails." Martin County v. Edenfield, 609 So.2d 27, 29 (Fla.1992); accord Nicoll v. Baker, 668 So.2d 989 (Fla.1996); Blum v. Tamarac Fairways Ass'n, Inc., 684 So.2d 826 (Fla. 4th DCA 1996); Kelder v. ACT Corp., 650 So.2d 647, 649 (Fla. 5th DCA), review denied, 660 So.2d 713 (Fla.1995). In this case, the statutory language is unambiguous, and the plain meaning of the statute must prevail. The plain language of subsection (9)(f) applies only to a discharge from employment. Because we hold that the language of subsection *915 (9)(f) is not ambiguous, we are precluded from engaging in judicial construction, as suggested by Milton, in order to extend the definition of "discharged" to encompass a demotion within the purview of subsection (9)(f). See Edenfield, 609 So.2d at 29. Such interpretation would amount to "an abrogation of legislative power." Holly v. Auld, 450 So.2d 217, 219 (Fla.1984).
"When the language of a statute is clear and unambiguous, the statute must be given its plain and ordinary meaning." Comerica Bank & Trust, F.S.B. v. SDI Operating Partners, L.P., 673 So.2d 163, 167 (Fla. 4th DCA 1996). See Moonlit Waters Apartments, Inc. v. Cauley, 666 So.2d 898 (Fla. 1996). "Words of common usage, when employed in a statute, should be construed in their plain and ordinary sense." Zuckerman v. Alter, 615 So.2d 661, 663 (Fla.1993); M.C. v. State, 695 So.2d 477, 483 (Fla. 3d DCA), review denied, 700 So.2d 686 (Fla.1997). In choosing the statutory term "discharged", we assume that the legislature knew its plain and ordinary meaning. See Sheffield v. Davis, 562 So.2d 384 (Fla. 2d DCA 1990). Reference to a dictionary is permissible, if necessary, to determine such meaning. See L.B. v. State, 700 So.2d 370, 372 (Fla.1997); Green v. State, 604 So.2d 471, 473 (Fla.1992). The dictionary defines the term "discharge" as "to dismiss from employment: to terminate the employment of." Webster's Third New Int'l Dictionary 644 (1986); Black's Law Dictionary 463 (6th ed. 1990)("To dismiss from employment; to terminate employment of a person."). Applying the plain and ordinary meaning of the term "discharged," we conclude that the term does not include demotion. Accordingly, the order may not stand as Milton was demoted rather than discharged, and demotion is outside the purview of subsection (9)(f).[1]
This result is supported by reference to other subsections of section 112.3187.[2] The legislature defined "adverse personnel action" as "the discharge, suspension, transfer, or demotion of any employee or the withholding of bonuses, the reduction in salary or benefits, or any other adverse action taken against an employee ... by an agency...." § 112.3187(3)(c), Fla. Stat. (1997)(emphasis added). In so doing, the legislature evidenced its recognition that the term "discharge" denotes an action which differs from a demotion and does not include the term "demotion." Furthermore, in delineating the prohibited employer actions, § 112.3187(4)(a), the possible remedies, § 112.3187(8)(a), and the relief available to the employee, § 112.3187(9)(a), (f), the legislature chose to differentiate between the various adverse personnel actions. The legislature apparently recognized the distinction between these various actions and opted not to include the broad term "adverse personnel action" or the term "demotion" in subsection (9)(f). Clearly, it is within the legislature's province to limit the extraordinary temporary relief provided to the extreme action of discharge. "When the legislature has used a term, as it has here, in one section of the statute but omits it in another section of the same statute, we will not imply it where it has been excluded." Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So.2d 911, 914 (Fla.1995); Beach v. Great Western Bank, 692 So.2d 146, 152(Fla), cert. granted on other grounds, ___ U.S. ___, 118 S.Ct. 294, 139 L.Ed.2d 226 (1997); see also Moonlit Waters Apartments, Inc., 666 So.2d at 900; Montes de Oca v. Orkin Exterminating Co., 692 So.2d 257 (Fla. 3d DCA), review denied, 699 So.2d 1374 (Fla.1997); National Airlines, Inc. v. Division of Employment Sec. of Fla. Dept. of Commerce, 379 So.2d 1033 (Fla. 3d DCA 1980). Thus, we must decline to "imply" the term "demotion" into subsection (9)(f). See Holly, 450 So.2d at 219. Accordingly, we reverse the order.
*916 In enacting the Whistle-blower's Act, the legislature has commendably created a cause of action against state agencies for an employee who is subject to certain adverse personnel action in retaliation for disclosures under the Act. Furthermore, the legislature has provided additional aid to such employee by granting preliminary relief in the form of temporary reinstatement when that employee is discharged in retaliation for a protected disclosure pursuant to subsection (9)(f).
The legislature should consider extending this protection in order to render the Act truly effective by safeguarding an employee who has been demoted to such a grievous extent as under the circumstances of this case. Milton has suffered a major demotion in position and a concomitant reduction in salary and benefits: her yearly salary has been reduced by approximately $40,000, and she has been demoted several levels below the position of a division director to a lieutenant. As presently written, the limitation of the temporary reinstatement subsection does not fairly serve the whistle-blower. We invite the legislature, in its wisdom, to address this deficiency.
Reversed and remanded.
NOTES
[1] Although Milton has cited case law which gives discharge a broader meaning, we do not follow those cases as they address different statutory schemes. See Crusen v. United Air Lines, Inc., 141 F.Supp. 347, 351 (D.Colo.)(where cases involve different statutes, broader meaning given to term "discharge" has no bearing on instant case), aff'd, 239 F.2d 863 (10th Cir.1956).
[2] It is permissible to consider the contextual use of the term in ascertaining its meaning. See Miele v. Prudential-Bache Sec., Inc., 656 So.2d 470 (Fla.1995).