WARNER, J.
This appeal arises from the denial of appellant’s motion for temporary reinstatement to her job with appellee, the West Palm Beach Housing Authority. She claimed the entitlement to reinstatement pending trial, pursuant to section 112.3187(9)(f), Florida Statutes (2000), as part of her remedies under the Whistle-Blower’s Act. While the trial court gave no reason for the denial, we affirm because the trial court could have concluded from the evidence that appellant was not discharged in retaliation for a protected disclosure, a prerequisite to temporary reinstatement pending trial.
Appellant brought this lawsuit under the Whistle Blower’s Act, alleging that she was terminated in retaliation for reporting to the Federal Housing and Urban Development Agency (“HUD”) appellee’s violations of HUD regulations. Appellant alleged that she reported several violations and that appellee’s executive director subsequently decided to reorganize. As part of that reorganization, she eliminated the inspection department where appellant was employed. Appellee offered appellant another position at the same salary. According to appellant, she told the director that the position was “not really her,” but she would nevertheless accept the job if assigned that position. Appellant claims she was not given the position and was later terminated by the executive director.
Appellant moved for reinstatement pursuant to section 112.3187(9)(f), which provides:
Temporary reinstatement to the employee’s former position or to an equivalent position, pending the final outcome on the complaint, if an employee complains of being discharged in retaliation for a protected disclosure and if a court of competent jurisdiction or the Florida Commission on Human Relations, as applicable under s. 112.31895, determines that the disclosure was not made in bad faith or for a wrongful purpose or occurred after an agency’s initiation of a personnel action against the employee which includes documentation of the employee’s violation of a disciplinary standard or performance deficiency. This paragraph does not apply to an employee of a municipality.
Appellee objected, arguing that it was a “municipality” and thus exempt from the temporary reinstatement provision. The trial court seemingly rejected this argument and proceeded with an evidentiary hearing. Appellant testified briefly, referring to her previously filed affidavit for the necessary proof. Appellee’s executive director testified and denied that appellant was terminated as a result of any disclosures. The executive director stated that the inspection department was being reorganized and many positions were eliminated. She offered appellant another position as a property manager at the same salary, but appellant turned the position down. Therefore, she was let go when her position was eliminated in the reorganization. Immediately after the evidence, the trial court denied reinstatement without further comment.
The statute requires temporary reinstatement pending trial of a Whistle Blower’s suit when an employee has been discharged in retaliation for a protected disclosure. See § 112.3187(9)(f), Fla. Stat. Where an employee has been simply transferred or demoted, there is no statutory right to temporary reinstatement. See Metro. Dade County v. Milton, 707 So.2d 913, 914-15 (Fla. 3d DCA 1998). In this case, the trial court could have concluded that, at most, appellant had been transferred but refused the position offered. Thus, she was not discharged. She had a position with appellee and re *124 fused to accept it. As pointed out in Milton, the legislature recognized the distinction between “discharge” and other “adverse personnel action” and chose to require reinstatement only where a discharge has resulted. See id. at 915. It does not appear that this includes the employee’s voluntary choice to refuse continued employment.
While appellant maintains that she did accept the position but was then not placed in it, this was a factual dispute for the trial court to resolve. As it is, the evidence supports the trial court’s denial of the temporary reinstatement.
Affirmed.
KLEIN and SHAHOOD, JJ., concur.