WELLS, Judge.
 

 Turnberry Investments, Inc. appeals from a final judgment canceling a tax deed issued to it and quieting title in the former owner of the property (the delinquent tax payer). That judgment sets aside a tax deed for improper notice of the tax deed sale and requires the former owner to repay Turnberry, the tax deed purchaser, an amount equal to the delinquent taxes paid ($4,487.43), the fees incurred ($792), and the amount paid in excess of the delinquent taxes and fees to acquire the property ($64,200.76). While the judgment also requires the former owner to pay interest
 
 *182
 
 as required by section 197.602 of the Florida Statutes to Turnberry on the amounts it paid to satisfy the unpaid taxes, it refuses, on due process grounds, to apply this provision to require the former owner to pay interest on the $64,200.76 paid by Turnberry to acquire the tax deed. We reverse this portion of the final judgment because section 197.602 clearly and unambiguously mandates payment of interest on this amount and because we reject the delinquent tax payer’s argument, adopted by the trial court, that his due process rights are impinged by such an application.
 

 As we on more than one occasion have explained, a statute that is clear and unambiguous on its face requires no construction and should be applied in a manner consistent with its plain meaning:
 

 Florida’s rules of statutory construction require that language be given its plain and ordinary meaning when the language is clear and unambiguous.
 
 See Metropolitan Dade Cty. v. Milton,
 
 707 So.2d 913, 915 (Fla. 3d DCA 1998). Courts are not permitted to construe an unambiguous statute in a way which would extend, modify, or limit its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.
 
 Id.
 
 at 914-915.
 
 See also Oruga Corp., Inc. v. AT & T Wireless of Fla., Inc.,
 
 712 So.2d 1141, 1143-44 (Fla. 3d DCA 1998).
 

 Active Spine Ctrs., LLC v. State Farm Fire & Cas. Co.,
 
 911 So.2d 241, 244 (Fla. 3d DCA 2005);
 
 see Zuckerman v. Alter,
 
 615 So.2d 661, 663 (Fla.1993) (“Words of common usage, when employed in a statute, should be construed in their plain and ordinary sense.”);
 
 see also Moonlit Waters Apartments, Inc. v. Cauley,
 
 666 So.2d 898, 900 (Fla.1996).
 

 In this case, the controlling provision, section 197.602, needs no interpretation, clearly and unambiguously stating that the purchaser of a tax deed determined to be invalid as of the date of issuance is to be made whole by reimbursement of (1) all expenses incurred to acquire the deed; (2) all expenses relating to the land during ownership including the fair value of any improvements; (3) all sums paid to acquire the tax deed; (4) all taxes paid relating to the land; and (5) 12 percent interest on the latter two amounts from the date the tax deed is issued:
 

 If, in an action at law or in equity involving the validity of any tax deed, the court holds that the tax deed was invalid at the time of its issuance and that title to the land therein described did not vest in the tax deed holder, then, if the taxes for which the land was sold and upon which the tax deed was issued had not been paid prior to issuance of the deed, the party in whose favor the judgment or decree in the suit is entered shall pay to the party against whom the judgment or decree is entered
 
 the amount paid for the tax deed and all taxes paid upon the land, together with 12-percent interest thereon per year from the date of the issuance of the tax deed
 
 and all legal expenses in obtaining the tax deed, including publication of notice and clerk’s fees for issuing and recording the tax deed, and also the fair cash value of all permanent improvements made upon the land by the holders under the tax deed. The amount of the expenses and the fair cash value of improvements shall be ascertained and found upon the trial of the action, and the tax deed holder or anyone holding thereunder shall have a pri- or lien upon the land for the payment of the sums.
 

 § 197.602, Fla. Stat. (2010) (emphasis added).
 

 Under the clear terms of this provision, Turnberry was entitled to an interest
 
 *183
 
 award not just on the amount it paid to satisfy the former owner’s taxes, but also on the $64,200.76 it paid to acquire the tax deed.
 
 See Vill. of Doral Place Ass’n, Inc. v. RU4 Real, Inc.,
 
 22 So.3d 627, 681 (Fla. 3d DCA 2009) (citing section 197.602, concluding “[a]s acknowledged by the Association, the Association must repay the Buyers the purchase price with interest.”).
 

 While we take most seriously the violation of due process claim made in this case, we nonetheless conclude that the outcome we reach here does not impinge on this delinquent property owner’s due process rights. This owner, like all other real property owners in this state, is charged not only with knowing that real property taxes are due annually but also with ascertaining the amount of taxes due and timely paying same.
 
 [1]
 
 By law, such taxes constitute a first lien against the property at issue in favor of the taxing authority.
 
 [2]
 
 As to delinquent taxes, tax certificates may be sold.
 
 [3]
 
 After a two year statutory waiting period, the holder of a tax certificate may apply for a tax deed.
 
 [4]
 
 Which is what occurred in this case — the property taxes went unpaid, a tax certificate was issued and the holder of the tax certificate applied for a tax deed with the Miami-Dade tax collector.
 

 At that point, the property owner should have received notice that the property would be sold to satisfy the tax lien which the certificate represented.
 
 [5]
 
 Here, the tri
 
 *184
 
 al court found that the property owner, Richard Streatfield, “did not receive proper notice of the tax deed sale, and the tax deed sale should be set aside.” Neither side disputes this determination. What Streatfield argued below, and the position erroneously adopted by the trial court, was that application of the plain wording of section 197.602, i.e., making Streatfield responsible for the interest on “the amount paid for the tax deed,” amounted to a violation of Streatfield’s due process rights.
 

 While failure to give proper notice that his property was going to be sold at a tax deed sale did initially deprive Streatfield of the statutory right to “redeem,” that is, the ability to retain ownership by satisfying the outstanding tax lien, his due process and “redemption” rights nonetheless were vindicated when the court below nullified the tax deed.
 
 See
 
 § 197.472, Fla. Stat. (2010)
 
 [6]
 
 ;
 
 Crocker v. Pleasant,
 
 778 So.2d 978, 989-90 (Fla.2001) (“[T]he deprivation by state action of a constitutionally protected interest in ‘life, liberty, or property’ is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest
 
 without due process of law
 
 .... In some circumstances ‘a statutory provision for a post deprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process[J ... simply because they are the only remedies the State could be expected to provide.’ ” (quoting
 
 Zinermon v. Burch,
 
 494 U.S. 113, 125-128, 110 S.Ct. 975, 108 L.Ed.2d 100(1990))).
 
 [7]
 
 But as section 197.602 and longstanding Supreme Court precedent confirm, such vindication does not, for good reason, come at the expense of the tax deed purchaser.
 

 Indeed, the very purpose of section 197.602, which has been on the books since at least 1927, is to facilitate the statutory scheme embodied in Chapter 197 to keep government running by assuring a steady flow of tax revenues, a goal accomplished in significant part by allowing governmental entities to collect delinquent taxes via
 
 *185
 
 sales of tax certificates and then by sale of those certificates to non-governmental purchasers. To this end, section 197.602 was enacted to assure investors that if they purchased a tax deed — thereby assuring both revenue flow and a limitation on government ownership of land — they would receive either title to land or be made whole by return of their money,
 
 with interest,
 
 as consideration for becoming a purchaser:
 

 The present statute was passed by the Legislature in 1927 on recommendation of departmental officials as a means of attacting [sic] purchasers at tax sales and to prevent the increasingly large number of parcels of land sold at such sales from going to the state for want of any other purchaser who would take a tax sale certificate and advance the taxes assessed which were necessary to keep up the state’s revenue. Its object was to assure to the purchaser at the tax sale the good faith of the state in the conduct of tax proceedings and to make reasonably certain to the purchaser at a tax sale that he would either get title to the land which the state was offering for sale or would secure a return of his money, with interest, as a consideration for becoming a purchaser.
 

 San Sebastian Dev. Corp. v. Couch,
 
 103 Fla. 692, 138 So. 61, 64-65 (1931);
 
 see generally
 
 52 Fla. Jur. 2d Taxation § 1862 (2010).
 

 In short, and as the Florida Supreme Court long ago recognized, section 197.602 is no more than a remedial measure adopted by this and many other states grounded “on the principle that he who seeks equity must do equity” to assure that both the delinquent property owner and the tax deed purchaser are treated equitably when a tax deed is invalidated.
 
 See Kester v. Bostwick,
 
 153 Fla. 437, 15 So.2d 201, 206 (1943). This is neither new nor novel and neither improperly penalizes a delinquent taxpayer nor otherwise violates a delinquent taxpayer’s constitutional rights.
 
 See Gordon v. State,
 
 608 So.2d 800, 802 (Fla.1992) (“We agree with the trial court that no substantive due process violation occurred. The statute under attack here bears a rational relationship to legitimate legislative objectives”);
 
 see also Smith v. Fisher,
 
 965 So.2d 205, 208 (Fla. 4th DCA 2007) (finding no substantive due violation where legislation is “narrowly tailored to serve a compelling state interest” (quoting
 
 Reno v. Flores,
 
 507 U.S. 292, 302, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993))).
 

 We therefore conclude that Turnberry should have been awarded interest not just on the amount it paid to satisfy the former owner’s taxes, but also on the $64,200.76 it paid to acquire the tax deed.
 
 See Vill. of Doral Place,
 
 22 So.3d at 631. Accordingly, that portion of the judgment entered below which denied an interest award on the amount paid by Turnberry to acquire the tax deed at issue is reversed with this matter remanded for entry of an award of interest on the “the amount paid for the tax deed and all taxes paid upon the land, together with 12-percent interest thereon per year from the date of the issuance of the tax deed.” § 197.602, Fla. Stat. (2010).
 

 Reversed in part and remanded.
 

 [1]
 

 .
 
 See
 
 § 197.122, Fla. Stat. (2010);
 
 see, e.g., Harris v. City of Sarasota,
 
 132 Fla. 568, 181 So. 366, 369 (1938) ("Taxation is essential to the maintenance of sovereign government and the law charges property owners with notice of the operation of tax laws.”);
 
 see generally
 
 51 Fla. Jur. Taxation § 704 (2010) ("Purchasers or owners of real property are presumed to know the procedure prescribed by law for the taxation of that property and its improvements.”).
 

 [2]
 

 .
 
 See
 
 § 197.122(1), Fla. Stat. (2010) (“All taxes imposed pursuant to the State Constitution and laws of this state shall be a first lien, superior to all other liens, on any property against which the taxes have been assessed and shall continue in full force ... until discharged by payment or until barred under chapter 95.”).
 

 [3]
 

 . § 197.432(1), Fla. Stat. (2010) (providing “the tax collector shall commence the sale of tax certificates on those lands on which taxes have not been paid”); § 197.402(3), Fla. Stat. (2010) ("[0]n or before June 1 or the 60th day after the date of delinquency, whichever is later, the tax collector shall advertise once each week for 3 weeks and shall sell tax certificates on all real property with delinquent taxes.”).
 

 [4]
 

 .
 
 See
 
 § 173.03(1), Fla. Stat. (2010) ("Suit may be brought at any time after any one or more of the following events, respectively; (a) After the expiration of 2 years from the date of any tax certificate issued and held by a city or town whose charter provides for or requires the issuing of tax certificates for delinquent taxes[.]”); § 197.502(1), Fla. Stat. (2010) ("The holder of any tax certificate, other than the county, at any time after 2 years have elapsed since April 1 of the year of issuance of the tax certificate ... may file the certificate and an application for a tax deed.... ”).
 

 [5]
 

 .See
 
 § 197.522(l)(a), Fla. Stat. (2010) ("The clerk of the circuit court shall notify ... the persons listed in the tax collector’s statement pursuant to s. 197.502(4) that an application for a tax deed has been made.”);
 
 see also Delta Prop. Mgmt., Inc. v. Profile Invs., Inc.,
 
 875 So.2d 443, 447-48 (Fla.2004) (citing
 
 Dawson v. Saada,
 
 608 So.2d 806 (Fla.1992), and stating that the requirement that all property owners know of and pay delinquent and current taxes does not relieve the State of its obligation to give adequate notice of a pending tax sale and that no valid tax deed may be issued without complying with statutory notice requirements);
 
 Vosilla v. Rosado,
 
 944 So.2d 289, 294 (Fla.2006) ("The Due Process Clause of the Fourteenth Amendment ‘re-quirefs] that deprivation of life, liberty or property by adjudication be preceded by notice and [an] opportunity for [a] hearing appropriate to the nature of the case.'
 
 Mullane [v. Central Hanover Bank & Trust Co.],
 
 339 U.S. at 313, 70 S.Ct. 652, 94 L.Ed. 865 [1950], The fundamental right to have a
 
 *184
 
 meaningful opportunity to be heard 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.'
 
 Id.
 
 at 314, 339 U.S. 306, 70 S.Ct. 652. 'A landowner whose property is to be sold for delinquent taxes undoubtedly has a vested ownership interest in the subject property and is therefore entitled to notice of a pending tax deed sale.’
 
 Dawson,
 
 608 So.2d at 808.”) (footnote omitted)).
 

 [6]
 

 . Section 197.472(1), provides:
 

 (1) Any person may redeem a tax certificate or purchase a county-held certificate at any time after the certificate is issued and before a tax deed is issued or the property is placed on the list of lands available for sale. The person redeeming or purchasing a tax certificate shall pay to the tax collector in the county where the land is situated the face amount of the certificate or the part thereof that the part or interest purchased or redeemed bears to the whole. Upon purchase or redemption being made, the person shall pay all taxes, interest, costs, charges, and omitted taxes, if any, as provided by law upon the part or parts of the certificate so purchased or redeemed.
 

 [7]
 

 . While we take no position as to the viability of any claim against the clerk of the court for failure to properly serve Streatfield with notice of the tax deed sale, we note that Streat-field’s motion to proceed against the clerk of the court remains pending below.
 
 See First Am. Title Ins. Co. v. Dixon,
 
 603 So.2d 562 (Fla. 4th DCA 1992) (rejecting a sovereign immunity claim in an action where a title insurer sought indemnity from the clerk of the court for failing to properly index a document observing that the law requiring proper indexing imposed a special duty owed to the individual at risk);
 
 see also Orix Fin. Servs., Inc. v. MacLeod,
 
 977 So.2d 658 (Fla. 1st DCA 2008) ("[A]ppellees' remedy, if any, will lie against the title insurer or abstractor or against the clerk of the circuit court itself, which can make no claim of sovereign immunity[.]").