PER CURIAM.
The buyers, Harvey Tempel and Lisa A. Tempel, appeal the trial court’s order in which the court determined that the seller, appellee Southern Homes of Palm Beach, L.L.C., substantially complied with the requirements set forth in section 720.401, Florida Statutes (2011). We conclude that the subject residential purchase and sale agreement, along with pertinent provisions of the accompanying addenda, is not in compliance with the requirements of section 720.401, and therefore reverse.
In May of 2005, the parties entered into a purchase and sale agreement in which the seller agreed to build a new home in a residential community. The agreement contained Addendum “M” Community Addendum, which disclosed additional terms, and the buyers’ obligations and liability to the homeowner’s association. It also contained Addendum “H” Association Disclosure Summary.
There are three relevant provisions. Paragraph 3 of the Disclosure Summary states: “[PjURCHASER WILL BE OBLIGATED TO PAY ASSESSMENTS TO THE ASSOCIATION. PURCHASER MAY BE OBLIGATED TO PAY SPECIAL ASSESSMENTS TO THE RESPECTIVE MUNICIPALITY, COUNTY OR SPECIAL DISTRICT. ALL ASSESSMENTS ARE SUBJECT TO PERIODIC CHANGE.” Paragraph 5 of the Disclosure Summary states: “[TjHERE WILL BE AN OBLIGATION TO PAY RENT OR LAND USE FEES FOR RECREATIONAL OR OTHER COMMONLY USED FACILITIES AS AN OBLIGATION OF THE ASSOCIATION.” Paragraph 8.1 of the Community Addendum states: “[ajssessments are estimated to be 385.00 Dollars ($385.00) per month at this time.” [1]
In December of 2007, the buyers terminated the agreement. They filed a two count complaint against the seller, seeking to void the agreement. In count I, the seller sought revocation of the agreement based upon the Interstate Land Sales Full Disclosure Act, 15 USC § 1701 et. seq. In count II, they sought to void the agreement based upon section 720.401, Florida Statutes (2011), arguing that the disclosure summary failed to comply with the requirements of section 720.401. The buyers moved for summary judgment, and the seller cross-claimed as to count II and moved for summary judgment on count I. The court entered summary judgment in favor of the seller on counts I and II, and this order forms the basis of this appeal.
Section 720.401 requires the seller to provide a prospective buyer with a disclosure summary, if the property is located within a community subject to association *850 membership. The disclosure summary-must be presented to the prospective buyer prior to the execution of the contract for sale, see § 720.401(l)(a), and it must be in a form that is substantially similar to the following form:
DISCLOSURE SUMMARY FOR (NAME OF COMMUNITY)
[[Image here]]
(6) THERE MAY BE AN OBLIGATION TO PAY RENT OR LAND USE FEES FOR RECREATIONAL OR OTHER COMMONLY USED FACILITIES AS AN OBLIGATION OF MEMBERSHIP IN THE HOMEOWNERS’ ASSOCIATION. IF APPLICABLE, THE CURRENT AMOUNT IS $_PER_
See § 720.401(l)(a)(6), Fla. Stat. (2011). The Florida legislature amended section 720.401 in 2004. The predecessor statute, section 689.26(l)(a), provided as follows:
5. THERE (IS) (IS NOT) AN OBLIGATION TO PAY RENT OR LAND USE FEES FOR RECREATIONAL OR OTHER COMMONLY USED FACILITIES AS AN OBLIGATION OF MEMBERSHIP IN THE HOMEOWNERS’ ASSOCIATION. (If such obligation exists, then the amount of the current obligation shall be set forth.)
See § 689.26(l)(a), Fla. Stat. (2003).
The buyers argue that the disclosure summary fails to summarize information consistent with the requirements of section 720.401 as amended. More specifically, the buyers argue that the disclosure statement fails to disclose the amount of the current assessment and the time period the assessment covered. Furthermore, the buyers argue the court erred when it searched outside of the disclosure summary for information required to be disclosed. We agree.
We first consider the express language of section 720.401(a)(l)(6). It is well established that courts -will not look behind the plain language of a statute or resort to rules of statutory construction to ascertain legislative intent if a statute is clear and unambiguous. See Lee County Elec. Co-op., Inc. v. Jacobs, 820 So.2d 297, 308 (Fla.2002); Turnberry Investments, Inc. v. Streatfield, 48 So.3d 180, 182 (Fla. 3d DCA 2010). Furthermore, an unambiguous statute must be given its plain and obvious meaning. See Turnberry Investments, 48 So.3d at 182. Section 720.401(a)(1)(6) clearly and unambiguously states that a disclosure summary must include, if applicable, the current amount for membership in the homeowners’ association and the time period which the amount covers.
It is undisputed that the disclosure summary itself does not contain the current amount due for membership in the association and the period which the amount covers. The seller argues, however, that the agreement is in a form substantially similar so as to satisfy the requirements of section 720.401. The court agreed that Addendum H, along with pertinent provisions of the agreement, did not violate section 720.401. We cannot agree with the court’s conclusion.
The only reasonable conclusion to be drawn from the omission of the assessment amount and the time period to be covered is that the disclosure summary itself constitutes a violation of section 720.401. The meaning of each word as it was written in the statute is plain, obvious, and does not contemplate resort to other contractual documents for any determination. Neither is this Court prepared or required to carve out any exceptions to it. The legislature passed the current statute, which now calls for greater specificity in the assessment amount and applicable time period, with legitimate legislative objectives. We are without power to construe an unambiguous statute in a way *851 that would modify the express terms of the statute or its reasonable and obvious obligations. See Turnberry Investments, 48 So.3d at 182. See also Metropolitan Dade County v. Milton, 707 So.2d 913, 915 (Fla. 3d DCA 1998).
The seller further argues that it could not provide an exact amount of rent or land use fees, consistent with the requirements of section 720.401(l)(a)(6), because there was “no obligation to pay rent or land use fees for recreational or other commonly used facilities at the time of the [agreement].” This is of no consequence because the statute does not excuse a seller from its obligation to state the current assessment amount and the time period with specificity.
Thus, the seller’s failure to provide the buyers with the information consistent with the requirements of section 720.401 renders the agreement voidable by the buyers. We therefore reverse.
Reversed.

. Paragraph 7.4 of the Community Addendum also references section 689.26, Florida Statutes (2003), and its requirements in detail. This is the statute that preceded section 720.401. The seller acknowledged in paragraph 7.4 that its failure to provide the disclosure summary as section 689.26 required would render the contract voidable by the buyers. The seller nonetheless did not comply with the statutory requirements.